185 So.2d 822 (1966)
Lois Carolyn SIMMONS, Plaintiff and Appellee,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant and Appellant.
No. 1676.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
Hall, Raggio & Farrar, by C. Barry Hillebrandt, Lake Charles, for defendant-appellant.
Henry Yelverton, Lake Charles, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a workmen's compensation case. The district judge awarded weekly payments for approximately 28 months of disability. The defendant insurer appealed.
*823 The sole issue on appeal is whether the accident arose out of and in the course of plaintiff's employment.
There is little, if any, dispute as to the facts. Plaintiff was a part-time salesclerk for the Muller Company Department Store in Lake Charles. On the date of the accident, June 20, 1963, she worked from 8:30 a. m. until 1:00 p. m. Then, this being the day on which employees received their weekly paychecks, she went to the office on the third floor to pick up her check. She was told that under company rules the checks would not be issued until after 3:00 p. m. She left the premises and went home.
About 4:30 p. m. she returned to the store. She first went to the third floor where she picked up her paycheck and cashed it at the office. The evidence shows that while plaintiff was at work that morning she had picked out a "bra" and a "piece of goods" and told the clerks to put her name on them and hold them until she returned that afternoon after receiving her paycheck. She says that after picking up her check she stopped on the third floor for the bra, and on the second floor for the piece of goods. She did not "browse" or do any "shopping" but simply picked up and paid for these two items, which had been laid aside for her, and then proceeded to leave the building. As she went out a rear door, she caught the heel of her shoe in the floor and fell down a cement ramp, receiving injuries to her back and ankle.
It is conceded that plaintiff was acting within the course of her employment when she returned to the store about 4:30 p. m. to pick up her paycheck. But, defendant contends that when Mrs. Simmons, after cashing her check on the third floor, decided to remain on the premises for the purely personal business of purchasing a "bra" and a "piece of goods", her employment terminated for the day and her status changed from that of employee to that of a customer.
As opposed to this argument, plaintiff contends (1) that the mere picking up and paying for these two articles on her way out of the building did not constitute a departure from the course of her employment and (2) that if turning aside for this purpose should be considered a deviation, she had returned to the course of her employment as she left the building.
LSA-R.S. 23:1031 provides in pertinent part that an employee shall receive benefits for personal injury "by accident arising out of and in the course of his employment". The general test to be applied, in determining whether the accident arose out of the employment, is set out by our Supreme Court in the leading and frequently cited case of Kern v. Southport Mill, 174 La. 432, 141 So. 19, as follows:
"`In determining, therefore, whether an accident "arose out of" the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?'"
The situation involved here is one where the employee was injured after regular working hours and while still on, but leaving, the work premises. Malone, Louisiana Workmen's Compensation Law and Practice, Section 169, makes the following pertinent observations:
"The observation has been made in previous sections that an employee is acting in the course of his employment while he is actually engaged in his employer's work even before or after working hours. Furthermore, even if he has finished the day's work and is preparing to leave, or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment. The working day embraces these intervals just as it *824 includes reasonable periods for rest, relaxation or the attendance of personal needs. This applies also to periods prior to the actual beginning of work under similar circumstances.
"Of course the employee may so prolong the period that he becomes a mere loiterer on the premises and is not entitled to compensation protection. No fast line can be drawn in such cases, and reference must be made to the purpose that prompted him to remain and the relationship between that purpose and the conditions surrounding his work. An employee, for example, whose only available means of transportation brought him to the place of work a half hour before the commencement of his duties might be protected during this interval, while an employee who came an hour early from purely personal choice might well be excluded. Similarly, an employee who was required to walk a considerable distance home after work that exposed him to the cold would be entitled to remain on the premises for a time in order to warm himself in preparation for the return journey. It does not follow, however, that he could relax for a game of pinochle or an extended social session with his friends.
"The extension of compensation protection to periods prior to and after working hours under the circumstances described above does not reach beyond the premises of the employer."
Under the circumstances of the present case, we do not think stopping on the third and second floors, while en route out of the store, constituted a turning aside for plaintiff's own personal business sufficient to terminate the course of her employment. We think it is reasonable to imply that plaintiff's employment contract would allow her a brief period of time to turn aside from her work activity to make small purchases from the store. The time taken here to pick up two small articles, while en route out of the store, would fall into the same category as reasonable periods taken for rest, relaxation, washroom, use of tobacco, satisfying thirst, etc.
Although we recognize that the amount of time involved in such personal affairs is not determinative, we think that under the circumstances of this case it is a factor to be considered. The trial judge stated in his written opinion that plaintiff turned aside for a period of "twenty to thirty minutes" to purchase these articles. Actually, as we understand plaintiff's testimony at the trial, she said she returned to the store to pick up her paycheck at about 4:30 p. m. and that the accident occurred at about 5:00 p. m., which testimony does not say definitely how much time she spent in picking up the check and cashing it, or in then stopping on the third and second floors to pick up the two articles. The actual picking up of the articles could have taken less than twenty minutes. At any rate, we do know from plaintiff's testimony that she did not "browse", or go on a shopping tour of the store, but simply picked up the articles which she had previously selected.
It is our conclusion that from the time plaintiff returned to pick up her paycheck, until the time of the accident as she left the building, she did not depart from the course of her employment.
As stated above, defendant's principal argument is that when plaintiff stopped on the third and second floors to pick up these two articles she turned aside to purely personal business and thereby terminated her employment for the day. In addition to the answer which we have already given to this argument, i. e., that the nature of this personal business was not such that it constituted a deviation, there is a further answer. Even if we were to consider this a deviation for purely personal business, the accident here did not occur while she was engaged in this personal mission but, instead, occurred after she completed her personal business and returned to the process *825 of leaving the premises. Our jurisprudence is established that where there is a temporary deviation from the course of employment to engage in purely personal business, such an employee re-enters his employment and the scope thereof after he has completed his private mission and has returned to activities incidental to his employment. Castille v. Traders & General Ins. Co., La.App., 137 So.2d 396 (3rd Cir. 1962); Stubblefield v. Fidelity & Casualty Co. of N. Y., La.App., 157 So.2d 583 (2nd Cir., 1963) and the many cases cited therein.
Defendant cites Fowler v. Texas Employers Insurance Association, 237 S.W.2d 373 (Tex.Civil Appeals 1951), which involved facts similar in many respects to the present case, but the court there denied compensation. The facts of that case are that a saleslady in a department store quit work about 3:00 p. m. She first went to the restroom to wash some shoe dye from her hands; and then to another department in the store to shop for some clothes for herself. After concluding this shopping in fifteen or twenty minutes, she returned toward the restroom for the purpose of picking up a small comb she had left there. As she was about to enter the restroom, another employee coming out pushed the door outward striking Mrs. Fowler and causing the injuries complained of. The court said the question was not "deviation from the course of employment, but rather a question of termination of employment for the day." The opinion concludes that when Mrs. Fowler began her "shopping tour" she terminated her employment, left the status of an employee, and entered the status of a customer; and that at the time of the accident she was still outside the course of her employment. Although we will not say we agree with the result reached there, we note that Mrs. Fowler did go on a "shopping tour", rather than simply picking up articles on her way out of the store, as in the present case; and also that Mrs. Fowler was still engaged in her personal affairs at the time of the accident, rather than being engaged in leaving the work premises, as in the present case. Of course, each of these cases rests on its own facts and, as Malone states in the above quoted portion of his textbook, the distinction under various factual situations is often a very fine line.
It is well settled that, as regards the question of coverage, "the statute must be given a liberal interpretation to effectuate its beneficent purpose of relieving the workmen of the crushing economic burden of work-connected injuries by diffusing the cost in the channels of commerce." Danielsen v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609 (1963). Thus, in the present factual situation, which does indeed present a close question of coverage, we must give a liberal interpretation to the statute.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.