420 So.2d 507 (1982)
Bobby R. ADAMS, Sr., et al., Plaintiffs-Appellants,
v.
The TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees,
Royal Insurance Company, Defendant-Third Party Plaintiff-Appellant.
No. 14971.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1982.
Writ Denied November 19, 1982.
Kitchens, Benton, Kitchens & Pearce by John B. Benton, Jr., Minden, for plaintiffs-appellants, Bobby R. Adams, Sr., et al.
Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for defendant-third party plaintiff-appellant, Royal Ins. Co.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman and Kelly Mangum, Shreveport, for third party defendant-appellee, J. Weingarten, Inc.
Before MARVIN, JASPER E. JONES and FRED W. JONES, JJ.
FRED W. JONES, Jr., Judge.
This wrongful death action was brought by the surviving husband and children of Lucille Roy Adams who allegedly sustained *508 fatal injuries on a J. Weingarten, Inc. ("Weingarten") parking lot in Shreveport when struck by a car driven by Jeanette Y. Johnson. Named as defendants were Miss Johnson and her insurer, Travelers Insurance Company; Weingarten; Toyota Motor Company; Yokem Toyota, Inc.; and Royal Globe Insurance Company ("Royal Globe"), uninsured motorist carrier of the Adams' vehicle parked on the Weingarten parking lot.
Plaintiffs alleged that Weingarten's negligence consisted of failure "to provide its invitees with a safe area in which to walk to and from their automobiles and in designing and maintaining its parking lot without designating and providing lanes for its pedestrian traffic which would prevent automobiles from striking its invitees."
Royal Globe filed a third party demand against the decedent and the original defendants alleging that these parties were solidarily liable to third party plaintiff for any judgment rendered against it in this matter. It adopted the allegations of the original plaintiffs with reference to the negligence of Weingarten.
Weingarten filed motions for summary judgment directed at the main demand and the third party demand, asserting that the fatal accident was due solely to the negligence of Miss Johnson; that Weingarten breached no legal duty owed to the decedent; and, consequently, there remained no genuine issue of material fact. The deposition of Miss Johnson was submitted in support of these motions.
Plaintiffs filed a brief in opposition to the motion for summary judgment and attached thereto an affidavit executed by Robert R. Canfield, a traffic engineer, who stated that the Weingarten parking lot was in a hazardous and unsafe condition for pedestrian traffic because:
"(a) The parking lot was so designed as to require all persons parking to cross a major movement aisle.
(b) There were no provisions (raised sidewalks) to allow for the safe movement of pedestrian traffic.
(c) There were no markings or signs to indicate to a motorist specific areas where pedestrians would cross traffic aisles, and
(d) The design of the area directly in front of the stores is conducive to more motorists and vehicular traffic than is safe and desirable."
After hearings, the district judge sustained the motions for summary judgment, dismissing the actions as to defendant Weingarten, reasoning as follows:
"Considering the present state of the art with regard to the economic designing of a retail food and grocery outlet, we find nothing that Weingartens might have done under these circumstances to have prevented the accident."
Plaintiffs in the main demand and the third party plaintiff appealed these judgments.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.Code of Civil Procedure Article 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, supra; Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977).
Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for rendering a summary judgment. Rougeau v. Sears, Roebuck & Co., 383 So.2d *509 141 (La.App. 3rd Cir. 1980); LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir. 1976).
In this case, plaintiffs made factual allegations relating to the defective design of Weingarten's parking lotspecifically, that it did not provide lanes for pedestrian traffic. Miss Johnson's deposition, submitted in support of the motions for summary judgment, simply gave her explanation of how the accident occurred (failure of brakes as she was backing her vehicle) and contained no information relative to the layout of the parking lot. On the other hand, the traffic engineer's affidavit, filed by plaintiffs in opposition to the summary judgment motion, supported their assertions concerning the absence of pedestrian lanes.
Since there remains this genuine issue as to a material fact, we find that the trial judge erred in sustaining the motions for summary judgment. Only after the relevant facts are established would it be appropriate to consider, based upon those facts, whether Weingarten breached a legal duty owed to the decedent.
For these reasons, we reverse the judgments of the district court sustaining the motions for summary judgment; overrule the motions for summary judgment; and remand the case to the district court for further proceedings consistent with this opinion. Costs of appeal are assessed to appellee.