422 So.2d 667 (1982)
Ervin BRISCO, Plaintiff & Appellant,
v.
BOARD OF ELEMENTARY AND SECONDARY EDUCATION, et al., Defendants & Appellees.
No. 82-289.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Rehearing Denied December 28, 1982.
Chris J. Roy, Alexandria, for plaintiff & appellant.
Davis & Murchison, James D. Davis, Alexandria, for defendant & appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
*668 CULPEPPER, Judge.
This workmen's compensation suit was instituted by Ervin Brisco seeking benefits for total and permanent disability. From a judgment dismissing the plaintiff's demands, he appealed.
The issues on appeal are (1) whether the trial court erred in failing to find the plaintiff disabled by substantial pain, (2) whether the plaintiff is entitled to an award of penalties and attorney's fees, (3) whether the plaintiff should have been granted a new trial, and (4) whether we should remand for additional medical evidence?

FACTS
Plaintiff was employed by the defendant Board of Elementary and Secondary Education as a Resident Training Aid (RTA) at the Alexandria Special Education Center. He cared for a group of five children who are spastic or crippled. His duties included dressing them, walking them, and generally helping them get about.
On January 11, 1981, plaintiff was assisting one of his charges into a wheelchair. The child put his arm around Brisco's neck, pulling him down into the wheelchair. Brisco testified his neck hurt, but he made no complaint at that time, because the incident occurred only shortly before the end of his night shift. On January 12, 1981, he went to Rapides General Hospital emergency room for neck pain. On January 14, the plaintiff returned to work, but was discharged the next day for an unrelated reason.
Brisco was initially treated for his neck injury by Dr. Boisvert, D.C., at the Alexandria Chiropractic Clinic. On February 26, 1981, Brisco was examined by Dr. Vanda L. Davidson, an orthopedist, to whom Brisco was sent by the defendant worker's compensation insurer. Dr. Davidson continued to treat plaintiff for his neck injury. His medical reports through that dated May 28, 1981 were introduced into the record without objection, although he did not testify at trial nor was his deposition taken. Failure to depose Dr. Davidson was apparently due to circumstances beyond the control of either party. The deposition of Dr. Boisvert was introduced into the record.
Lay testimony introduced with regard to the pain experienced by the plaintiff consisted of his own testimony, that of his mother and that of his cousin.
At the time of trial, the defendant had paid a total of $2,440.89 in worker's compensation benefits, including payment for medical services rendered, lost wages, and travel expenses from the time of the first trip to the emergency room until Dr. Davidson pronounced Brisco fit to return to work in his report of February 26, 1981.
The trial court held the plaintiff failed to prove by a preponderance of the evidence that he suffers from substantial pain, and that he was not entitled to penalties and attorney's fees because of the defendant's cessation of benefits.
On this appeal, plaintiff argues these findings were in error, or, in the alternative, the case should be remanded for the taking of further medical evidence.

DISABILITY
The plaintiff contends the trial court erred in failing to find him disabled. He argues the evidence shows that he cannot work without substantial pain, and further that the medication prescribed to alleviate the pain also renders him disabled to work because it makes him too drowsy to work.
An employee is not disabled within the meaning of the worker's compensation law solely because he suffers some residual pain or discomfort when attempting to work. Such residual pain or discomfort is considered disabling only if it is substantial. Furthermore, the claimant alleging such pain must prove it to a reasonable certainty and by a fair preponderance of the evidence. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980), and cases cited therein. Whether the claimant has met his burden of proving substantial pain is an issue of fact to be decided on both the medical and lay evidence. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977).
*669 The medical evidence in this case consists of the deposition of the chiropractor, Dr. Boisvert, from whom the claimant initially sought treatment, and medical reports by Dr. Davidson, the orthopedic surgeon to whom the defendant referred the employee. Dr. Boisvert testified in his deposition that he last saw the plaintiff on February 10, 1981, approximately four weeks after the plaintiff's alleged injury on January 12, 1981, and that he was not able to work at that time. He also stated that under normal circumstances, he felt it should take six to eight weeks to recover from such an injury sufficiently to return to work.
Dr. Vanda Davidson, the orthopedist, whose deposition was not taken, and who did not testify at trial, stated in a report dated February 26, 1981 that the patient should return to work. Also in his report of April 6,1981, he stated that the patient was able to return to work. The medical reports of April 24, 1981 and May 14, 1981 reflected no change in Dr. Davidson's opinion, and the report dated May 28, 1981 pronounced claimant still able to work.
The claimant testified that he is still in pain and continues to take various drugs, which render him unable to work. He stated that the reason he takes medication is because he has trouble sleeping. Claimant's mother testified that her son has not been employed since he was injured in January of 1981, and that he complains about his neck a lot and takes medication. It was stipulated that the claimant's cousin, Jeffrey Brandon, would give testimony which would be substantially the same as Mrs. Brisco's.
The trial court held that, in light of the plaintiff's failure to prove by a preponderance of the evidence that he suffers from substantial pain, the defendants have completely discharged their obligation to pay worker's compensation benefits. He also found defendant not arbitrary in cessation of benefits.
The trial judge obviously did not give much weight to the lay testimony. The deposition of Dr. Boisvert was inconclusive inasmuch as he knew nothing of the condition of the plaintiff after February 10, 1981. The orthopedic surgeon's reports pronounced the plaintiff able to return to work by the time benefits were terminated. Considering all of the evidence, the trial judge found the claimant's burden of proof had not been met.
Great weight is given to the findings of the trial court with regard to the credibility of the plaintiff in a workmen's compensation proceeding. Joseph v. Martin Mills, Inc., 394 So.2d 722 (La.App. 3rd Cir. 1981). Furthermore, the issue of disability is a question of fact which should not be disturbed in the absence of manifest error. Scott v. Sears, Roebuck & Company, 406 So.2d 701 (La.App.2d Cir.1981). We find no such manifest error here, especially in light of the meager evidence presented at trial.
Plaintiff also makes a claim for penalties and attorney's fees as a result of the employer's alleged arbitrary and capricious conduct in terminating benefits. The determination of whether the employer's conduct is arbitrary, capricious or without probable cause is a question of fact for the trial court, whose finding will not be disturbed on appeal unless it is manifestly erroneous. Scott v. Sears, Roebuck & Company, supra. For the reasons discussed above, we affirm the trial court's denial of penalties and attorney's fees.

DENIAL OF A NEW TRIAL
The plaintiff's final specification of error concerns the trial court's denial of a new trial for the taking of further medical evidence. He argues that this court should reverse and remand the case for the purpose of admitting additional medical evidence, i.e., reports by Dr. Davidson, describing his examination of the plaintiff conducted in the months of July, 1981 through February of 1982, which were not introduced at trial, and also for the taking of Dr. Davidson's deposition.
Counsel attached to his motion for a new trial copies of medical reports by Dr. Davidson which were not filed in evidence, these reports being dated July 9, 1981, July 30, *670 1981, September 21, 1981, October 29, 1981, December 3, 1981, January 8, 1982, February 8, 1982, March 5, 1982 and March 15, 1982. He states he was not aware of these medical reports until after the trial on March 11, 1982.
First he argues that the employer was required by LSA-R.S. 23:1122, et seq, and in particular R.S. 23:1125, to furnish the employee with all reports of medical examinations by Dr. Davidson. However, a reading of R.S. 23:1125 shows that the employer is not required by law to continue to send to the employee medical reports unless there is a written demand for same. There is no evidence of such a written demand in the present case. Plaintiff argues further that it is customary in the area for attorneys in workmen's compensation cases to exchange all medical reports, and this was not done here.
It is obvious from the testimony by Brisco at the trial that his counsel was aware that Brisco continued to see Dr. Davidson until shortly before the trial. Of course, any reports of these examinations were discoverable by plaintiff before trial, and also the deposition of Dr. Davidson could have been taken by plaintiff before trial. Thus, there is no peremptory grounds for the granting of a new trial under LSA-C.C.P. article 1972, because this evidence was discoverable and could have been obtained with due diligence before the trial.
The next question is whether a new trial should have been granted on discretionary grounds under LSA-C.C.P. article 1973. We have carefully read the additional medical reports of Dr. Davidson attached to plaintiff's motion for a new trial and find that although the doctor continued to prescribe drugs for muscle relaxation, sleep and discomfort, he found no significant change in plaintiff's condition from the time he reported in February of 1981 that he could return to work. Certainly, there is nothing in the reports to show that plaintiff is disabled by substantial pain.
The reopening of the plaintiff's evidence, or the granting of a new trial, absent peremptory grounds therefor, is within the sound discretion of the trial court. See LSA-C.C.P. article 1973; Williams v. Cinclare Central Factory, 396 So.2d 301 (La. App. 1st Cir.1981), writ refused 399 So.2d 621 (La.1981). In the instant case we find no abuse of that discretion. We also find no reason to remand.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.