STOKER, Judge.
Plaintiff, Michael Campbell, appeals from a judgment dismissing his suit in which he sought an increase in a previous award of workers’ compensation benefits obtained against his former employer, Luke Construction Company. We affirm.
On October 16, 1980 plaintiff filed suit seeking workers’ compensation benefits for back injuries sustained in an on-the-job accident on August 24, 1980. After trial on the merits, judgment was signed on December 8, 1981, awarding to plaintiff compensation benefits in the amount of $113.33 per week for one year, medical expenses, and the cost of depositions and medical reports. On July 28, 1982 plaintiff filed a petition seeking modification of the previous judgment alleging that he is now totally and permanently disabled. It is from the judgment dismissing this claim for modification that plaintiff appeals.
In order to modify the original judgment, plaintiff must establish that his condition is changed or that the initial award was obtained through fraud, error or misrepresentation. Zachary v. Bituminous Casualty Corporation, 371 So.2d 1249 (La. App. 3rd Cir.1979). There is no claim of fraud, error or misrepresentation in the case before us; therefore, plaintiff must prove that his condition has changed.
As to the evidence presented by plaintiff in support of his claim, we quote and adopt as our own the following findings by the trial court:
“At the outset, the Court observes that it saw and heard the Plaintiff testify and it was very unimpressed with his demean- or, testimony and veracity. Further, no member of his family or any friend came forward to verify his alleged suffering. “Plaintiff’s evidence, in addition to his testimony were the records of Erath General Hospital (P-1), two reports of Dr. Lee (P-2) and a deposition of Dr. Slade (P-3).
“As to P-1, Plaintiff was hospitalized for an urinary tract infection which was completely unrelated to the accident. While in the hospital he complained of back pain, but the record contains no findings of any cause or substance regarding the back.
“P-2, the reports of Dr. Lee contain no findings, only complaints of the Plaintiff. Dr. Lee makes no diagnosis of any injury attributable to the accident.
“In P-3, Dr. Slade testifed (sic) that he found some spasm and felt the complaints of Plaintiff were sincere. However, he gave no findings or diagnosis and the Plaintiff turned down any further testing or treatment.”
We note further that although Dr. Slade conducted some tests which indicated the presence of lower back defects consistent with a protruding disc, this diagnosis was not confirmed. As stated by the trial court, the plaintiff refused further testing or treatment.
In a workers’ compensation case, the findings of the trial court with regard to the credibility of the plaintiff and the findings of disability are questions of fact that will not be disturbed in the absence of manifest error. Brisco v. Board of Elementary and Secondary Education, 422 *334 So.2d 667 (La.App. 3rd Cir.1982), writ denied 429 So.2d 154 (La.1983). Our review of the record reveals no such error.
For the foregoing reasons, the judgment of the trial court dismissing plaintiffs suit is affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED.