JASPER E. JONES, Judge.
In this worker’s compensation case Lag-ersen Drilling Company, the employer, and its compensation insurer, Liberty Mutual Insurance Company, appeal a judgment awarding Chauncey Glen LaPrarie, plaintiff, permanent total disability benefits.
On October 22, 1978 while employed by Lagersen as a driller, plaintiff became entangled in a line attached to a moving winch type device and was pulled around the winch several times then thrown from the floor of the drilling rig. He sustained serious injuries including an injury to the right knee joint, a fracture of the left tibia and fibula, a fracture of the left humerus, a crushing type injury to the left hand including an extensive laceration to the muscles, nerves and ligaments of the hand. Plaintiff also sustained a nerve injury which caused a malfunction in his left eye diagnosed as Hoerner’s Syndrome.
As a result of these injuries plaintiff has a permanent 5% residual disability to the right and left leg and 80% permanent disability in the left hand. Plaintiff has residual pain in the left shoulder, arm, hand, *910 eye, head and occasionally in the legs. The disabling extent of this pain is the primary issue in this appeal.
Plaintiff, who is 34 years of age, has average intelligence and a high school education. He has always worked in the oil field and current vocational tests reflect that his academic skills have retrogressed to between the sixth and eighth grade level.
Because of plaintiffs residual disability he was unable to return to his former job as a driller which required manual labor and would be unable to function as a forest technician, an occupation for which he qualified through study at a vocational school during the time he was convalescing from his serious injuries, as this job also requires manual labor.
On June 22, 1981 plaintiff obtained, with the assistance of a friend, a job as a tool pusher[1] with Butler-Johnson, Inc. and was still employed at this job at the time of trial on March 13, 1984. As tool pusher plaintiff is responsible for the overall operation of the drilling rig. The job requires the plaintiff to perform no manual labor. Plaintiff works seven days and is off seven days. During his work week plaintiff is on call twenty-four hours per day and usually spends most of the week at the rig site. He is provided with a trailer to use as a place to rest while he is on the rig site.
The trial court found the plaintiff endures constant severe pain and without medication there is no occupation he could perform. The court further found the medication which plaintiff takes “just relieves the pain to a point that the remaining pain becomes bearable.” The trial court found the plaintiffs pain limits the work available to him and “greatly diminishes his ability to compete in the labor market” resulting in “his dependability for continuous employment being extremely uncertain.”
The appellants assign as error the trial court’s finding that plaintiff works in substantial pain and is an odd-lot employee. The appellants contend the plaintiff is not “totally and permanently disabled.”
The issue presented by these assignments of error is whether the plaintiff is working in substantial pain and entitled to classification as an odd-lot employee and permanent disability benefits.
The plaintiff in a worker's compensation case bears the burden of proving his claim by a preponderance of the evidence. Attaway v. Farley’s Glass Co., Inc., 430 So.2d 705 (La.App. 2d Cir.1983).
Under the odd-lot doctrine an employee is entitled to worker’s compensation benefits for total and permanent disability if, because of the combination of his injury and his training, experience, age, education and other relevant facts, he can perform no services other than those which are so limited that a reasonably stable labor market for them does not exist unless the employer and insurer shows the regular availability of suitable work. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
Injured workers who subsequently perform the duties of a job in substantial pain can be classified as odd-lot workers and entitled to permanent total disability benefits under the provisions of LSA-R.S. 23:1221 as amended by Act No. 583 of 1975. Culp v. Belden Corp., 432 So.2d 847 (La.1983); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Lattin v. Hica Corp., 395 So.2d 690 (La.1981); Lemoine v. Employers Cas. Co., 378 So.2d 594 (La. App. 3d Cir.1979); Lastrapes v. CNA Ins. Co., 401 So.2d 658 (La.App. 3d Cir.1981); Crockett v. St. Paul Ins. Co., 413 So.2d 949 (La.App. 1st Cir.1982); Cottonham v. Rockwood Ins. Co., 403 So.2d 773 (La.App. 3rd Cir.1981), writ denied 407 So.2d 732 (La.1981); and Attaway v. Farley’s Glass, Inc., supra.
The question of disability is determined with reference to the totality of the evidence, including both lay and medical *911 testimony. Henson v. Handee Corf., 421 So.2d 1134 (La.App. 2d Cir.1982).
On appellate review the trial court’s factual findings concerning work related disability should be given great weight and should not be disturbed where the evidence before the trier of facts supports a reasonable factual basis for the trial court’s findings, unless clearly wrong. Crump v. Hartford Acc. and Indem. Co., 367 So.2d 300 (La.1979); Culp v. Belden Corp., supra.
In the case of Wilson v. Ebasco Services, Inc., supra, the court stated:
... an employee who experiences substantial pain when performing routine physical tasks may find that employment opportunities are severely limited. Normally, an employer would find it less desirable to hire someone who must endure serious pain while working than someone who does not; the fact of pain may restrict the scope of activities in which an employee can be engaged, and may result in the functional inability to perform certain duties. Moreover, recurrent pain may cause frequent absenteeism on the part of the disabled worker, either because of the inability to work when the pain is particularly intense or because of the necessity of seeking medical treatment. These factors, along with others, place the employee who must work in pain at a competitive disadvantage to healthy workers in finding employment.
The plaintiff endures constant pain from his left shoulder through his left hand. He compares it to a moderately severe tooth ache. He endures frequent pain behind his left eye which he relates to sunlight, difficulty in focusing the eye and stress. He has frequent severe headaches and occasionally has pain in his legs.
The plaintiff takes from seven to eight pain pills each day to obtain some relief from this constant pain. Two of these pain pills contain codeine which is classified as a narcotic. The plaintiff’s doctor has changed the medication from time to time because the former drugs were not giving adequate relief. Plaintiff’s druggist testified the medication plaintiff is presently taking is stronger than he was required to take earlier and the druggist considers the quantity of medication which plaintiff is required to take to obtain relief may result in plaintiff becoming a drug abuser. Plaintiff’s doctor and druggist consider the amount of these drugs plaintiff must take to be a very substantial quantity of pain relieving medication.
Plaintiff’s orthopedic surgeon expressed the opinion that plaintiff sustained devastating injuries and stated that “a lot of people would never have come back to work.” Plaintiff’s doctors and pharmacist all agree plaintiff is in substantial pain and that he needs the medication he takes to function.
The appellants’ vocational rehabilitation expert, Dr. Galloway, who has many years experience in his field, stated that he has seen only two other men with injuries and pain comparable to plaintiff’s who attempted to return to work. This witness did not doubt plaintiff was having pain.
The plaintiff is a man possessed of extremely unusual intestinal fortitude and he works in substantial pain. The appellants contend this cannot be true because plaintiff has worked from June, 1981 until the date of trial in March, 1984, or for a period of almost three years without missing any work time. Appellants point out that plaintiff’s immediate supervisor testified that plaintiff’s work has been satisfactory and plaintiff will be retained as an employee as long as work is available. Appellants stress that Dr. Galloway and plaintiff’s physicians express the opinion plaintiff can continue at his present job. Appellants contend these circumstances preclude plaintiff from being classified as an “odd-lot” worker.
An employee who works in substantial pain and whose injuries and pain drastically impair his ability to compete in the labor market is entitled to a classification as an odd-lot employee. Lemoine v. Em *912 ;ployers Cas. Co., supra; Cottonham v. Rockwood Ins. Co., supra.
The plaintiff testified that he could not perform his job without the heavy medication that he is required to take on a daily basis. There is evidence which supports the conclusion that the dosage has been increased and there is a possibility plaintiff may become a drug abuser or suffer other side effects. Plaintiff testified that on occasions while on the job his pain becomes so severe that for short periods of time, he has to retire to the trailer at the rig site when he needs to be out on the rig.
Plaintiffs doctors and appellants’ expert, Dr. Galloway, all acknowledge that plaintiff would have difficulty obtaining a tool pusher’s job with a new employer.
Plaintiff has very little formal education and no experience in any area other than working in oil fields. He is physically unable to perform any physical work due to his disabled hand and other limitations. The job he is now performing involves the ultimate responsibility for the operation of expensive and complex machinery performing highly technical work using numerous skilled workers. An employer would necessarily want an extremely well qualified individual functioning without limitation to-fill this extremely responsible position. There is evidence in this record which supports the conclusion that pain impairs the ability to function and there can be no doubt as to the correctness of this conclusion. Most employers would reject an applicant for a tool pusher’s job who is enduring constant pain and must literally take a hand full of pills daily, some of which contain narcotics, in order to stay on the rig and supervise its operation.
Plaintiff’s ability to compete in the labor market is extremely limited.
There is substantial evidence supporting all the trial judge’s findings of fact and we find no manifest error in his factual determinations that plaintiff is working in substantial pain and is an odd-lot employee.
Judgment AFFIRMED at appellants’ cost.

. Plaintiff was initially classified as a driller but always performed supervisory work while employed by this employer prior to being classified as a tool pusher.