493 So.2d 278 (1986)
Carol L. BELT, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the LOUISIANA BOARD OF COSMETOLOGY, COMMERCE DEPARTMENT, Defendant-Appellant.
No. 85-521.
Court of Appeal of Louisiana, Third Circuit.
August 25, 1986.
Writ Denied November 14, 1986.
*280 David LaFargue, Marksville, for defendant-appellant.
John T. Bennett, Marksville, for plaintiff-appellee.
Before GUIDRY, PICKETT and TUCK, JJ.[1]
ROY B. TUCK, Judge Pro Tem.
This workmen's compensation proceeding was brought by Carol L. Belt against the State of Louisiana, Through The Louisiana Board of Cosmetology, Department of Commerce, seeking benefits as for total and permanent disability or, alternatively, benefits for partial disability, together with penalties and attorney's fees. Suit was filed February 7, 1984. On September 21, 1984, plaintiff filed certain interrogatories which were not immediately answered. A Motion to Compel Answers to Interrogatories was filed December 17, 1984 which was heard December 21, 1984 as a result of which the trial court rendered judgment in the amount of $500.00 as attorney's fees for prosecuting the rule. (The answers to Interrogatories are dated December 20, 1984, subsequent to the rule.) The defendant propounded interrogatories which bear a date of January 9, 1985. The answers appear to have been dated by plaintiff's counsel on January 17, 1985 and served January 21, 1985. By a Motion to Compel Answers to Interrogatories filed on January 23, 1985 counsel for defendant asserted that the answers were incomplete and evasive and sought judgment ordering defendant to answer fully and completely and for attorney's fees for prosecuting the rule. On January 25, 1985 additional interrogatories were filed by defendant. Plaintiff filed amended and supplemental answers to the first set of interrogatories on February 5, 1985 and on February 12, 1985 answered the second set of interrogatories propounded by the defendant. Additional supplements were filed. The trial court rejected the defendant's claim for attorney's fees for prosecuting the motion to compel. After trial, judgment was rendered on the merits awarding compensation for total and permanent disability, together with unpaid medical expenses and rejecting the plaintiff's claim for penalties and attorney's fees.
This suspensive appeal followed. The appellant contends that the trial court erred in: (1) finding that claimant could not perform the duties of her job without experiencing substantial pain; (2) finding that the claimant was not excluded from workmen's compensation coverage as a public official; (3) finding that the claimant was engaged in the performance of her duties at the time of the accident; (4) overruling defendant's exception of prematurity; and (5) refusing to award attorney's fees on the defendant's motion to compel answers to interrogatories.
The claimant answered the appeal and seeks an award of penalties and attorney's fees.

FACTS
The record establishes that from August 1981 down to and including the date of trial, the claimant, Carol L. Belt, served as a member of the Louisiana State Board of Cosmetology. The duties of the board, but not the members of the board, are spelled out by statute (R.S. 37:498) but, for purposes of this proceeding it suffices to say that the duties of the members include certain record keeping, travel to Baton Rouge for board meetings, travel to Baton Rouge every two weeks to administer tests *281 to persons covered by the Louisiana Cosmetology Act, travel to the various beauty shops and schools located in the member's district to inspect the facilities and operations, the investigation of complaints and the supervision of inspectors employed by the board.
On February 11, 1983 the plaintiff, Carol L. Belt, borrowed a pickup truck from Donald Osterberger who was working on her car. She left St. Francisville, Louisiana and drove to a point 4.6 miles north of the Louisiana-Mississippi state line, picked up her daughter, who attended the Wilkinson County Christian Academy, located just south of Woodville, Mississippi, and returned to Louisiana. Mrs. Belt contends that she had received a complaint about some one operating without a license from a house located on Rosemound Loop Road which intersects with Louisiana U.S. Highway 61 at two different locations between St. Francisville and the state line. She states that it was her purpose to pick up her child and, on her return to St. Francisville, turn right off U.S. 61 onto Rosemound Loop Road to investigate the complaint. The turn was located slightly more than a mile south of the Louisiana-Mississippi state line. At a point approximately nine-tenths (9/10) of a mile south of the line her vehicle was struck in the rear by another southbound vehicle. Mrs. Belt was traveling slowly at the time of impact. She contends she was not braking but had slowed in preparation for her turn. The defendant suggests she was turning into a business known as the South of the Border Restaurant and Lounge.
Mrs. Belt sustained trauma to the head and face, apparently suffered some concussion and injuries to her neck and back. She was not hospitalized immediately but was treated by a number of physicians. She remained off work until March 7, 1983 after which she resumed at least partial performance of her duties. Mrs. Belt contends that she has worked in substantial pain, performing less than all the duties required of her, and is thus entitled to workmen's compensation benefits.

EXCEPTION OF PREMATURITY
Prior to its amendment by Acts 1983, 1st Ex. Sess., No. 1 § 1 which became effective July 1, 1983, La.R.S. 23:1314 provided in effect that suits for workmen's compensation shall be premature and shall be dismissed unless it be alleged and shown that:
1. "* * * the employee * * * is not being or has not been paid * * * the maximum percent of wages * * * or * * *"
2. "* * * the employee has not been furnished the proper medical attention, or* * *"
3. " * * * the employee has not been furnished with copies of the (medical) reports * * * after written request * * * " (Emphasis added)
As previously mentioned, Mrs. Belt returned to work on March 7, 1983 and was thereafter paid her regular salary. She was paid compensation benefits for the period February 18, 1983 through March 6, 1983 in the amount of $495.42 and $8,981.13 has been paid against total medical expenses of $26,142.76.
There is considerable evidence in the record that Mr. John W. Hook of Risk Management was aware of the claimant's continuing problems, conducted conversations with claimant's husband suggestive of a willingness to settle the claim and perhaps suggested that claimant should not have an attorney but, nevertheless, made no additional payments of benefits and made no effort to settle the claim. He was duly informed of the injury and the claim. On March 26, 1983 a statement was taken from the claimant at Mr. Hooks' instance by Mr. Ben Rogers, an independent adjuster. Mr. Hooks had three or four conversations with Mr. Belt about the matter. There were conversations at least on November 8, 1983 and as late as February 16, 1984.
In the petition filed herein the claimant avers in paragraph six (6) that subsequent to her return to work she had experienced substantial pain upon performance of her *282 duties and was therefore disabled under the act. In Articles 10 and 11 of the petition plaintiff alleges that, despite amicable demand, the defendant has refused to reinstate her benefits.
Well settled in our law is the proposition that a worker who returns to work following his injury may still be considered totally and permanently disabled, and entitled to benefits, if he must function in substantial pain.[2]Lemoine v. Employers Casualty Company, 378 So.2d 594 (La. App. 3rd Cir.1979) Writ Refused February 15, 1980; Bordelon v. Ranger Insurance Company, 413 So.2d 962 (La.App. 3rd Cir. 1982); Harrington v. Starline, Inc., et al, 425 So.2d 307 (La.App. 3rd Cir.1982); La-Prarie v. Liberty Mutual Insurance Company, et al, 463 So.2d 908 (La.App. 2nd Cir.1985); Gibson v. Hayes Oilfield Construction Company, et al, 467 So.2d 1304 (La.App. 3rd Cir.1985) Writ Denied June 28, 1985. Although an employer may be allowed credit for the continued payment of wages which pursuant to an express or implied agreement are paid in lieu of compensation, an employer is not entitled to credit against compensation liability for wages which are fully earned by the disabled employee. Occhipinti v. Marquette Casulty Company, 158 So.2d. 389 (La.App. 3rd Cir.1963) Writ Refused February 14, 1964; Pender v. National Fire And Marine Insurance Company, 255 So.2d. 95 (La.App. 3rd Cir.1971) Writs Refused December 13, 1971.
Thus where claimant was being paid no compensation at all, but due to economic circumstances, was compelled to return to her employment and continued the performance of her duties despite substantial pain, the trial court did not err in overruling the exception of prematurity. It is apparent that the trial court determined that the plaintiff's allegations were made with reasonable cause or foundation in fact and were justified under the facts. See Patton v. Silvey Companies, 395 So.2d 722 (La.1981).

ATTORNEY'S FEESMOTION TO COMPEL
Defendant-Appellant contends that the trial court erred in refusing to award attorney's fees on the motion brought to compel answers to interrogatories objected to by plaintiff-appellee.
Clearly the trial judge is authorized under the provisions of LSA-C.C.P. Art. 1469(4) to allow attorney's fees and other reasonable expenses, unless the party failing to answer the interrogatories timely was "substantially justified or that other circumstances make an award of expenses unjust." The language of the statute and the jurisprudence make it clear that the trial judge is necessarily granted broad discretion in determining whether or not expenses and attorney's fees will be awarded. Smith v. Smith, 398 So.2d 549 (La.App. 1st Cir.1979) Writ Denied March 28, 1980. Our review of the record fails to disclose any abuse of that discretion or manifest error by the trial judge.

COVERAGE
The plaintiff is an appointed member of the Louisiana State Board of Cosmetology who is paid a salary as fixed by statute plus expenses. The position held by plaintiff was created by statute and she is sworn for the performance of her duties. The office of Risk Management, Division of Administration of the State of Louisiana contends that the plaintiff is a public official and, as such, is excluded from worker's compensation coverage under the provisions of La.R.S. 23:1034 A.
In written reasons for judgment the trial court addressed the issue as follows:
"On the date in question, February 11, 1983, no board member of the Board of Cosmetology was excluded from workmen's compensation coverage because she was a public official. The members of the Board of Cosmetology of Louisiana *283 have been for some years and are now covered by workmen's compensation insurance, presently through the Office of Risk Management, a state agency in the Division of Administration of the State of Louisiana. Directly on point this court finds that plaintiff's workmen's compensation insurance coverage was in full force and effect on February 11, 1983, the date of plaintiff's injury which said injury has caused plaintiff's disability."
Ms. Joel C. Mumphrey testified that she is Chairman (sic) of the Louisiana State Board of Cosmetology, having served on the board for 24 years. She stated that she designates what the board members do. In this connection she appears to have lightened plaintiff's work load since her return to work. Ms. Mumphrey testified that members of the Louisiana State Board of Cosmetology are, and since 1964 have been, full-time working persons. It appears from her testimony that all funds spent by the Board are generated from license fees collected by them. Since 1964 the Board has paid premiums for worker's compensation coverage on its personnel, including members. Prior to the advent of the Office of Risk Management, Division of Administration, the premiums were paid to Rockwell Insurance Company but, at all times pertinent to these proceedings, were paid to the Office of Risk Management. The Board, in session, approves and adopts a monthly financial statement which includes the monies paid to the Office of Risk Management for compensation coverage.
Also testifying was Ms. Billye Sue Harper Dillard who, at the time of trial, had served on the Louisiana State Board of Cosmetology for thirteen years and, at the time of trial was executive secretary of the Board. Her testimony corroborates that of Ms. Mumphrey to the effect that Office of Risk Management bills the Board monthly for worker's compensation premiums which they pay on all personnel, including members, and that the payment of these premiums is reflected in a financial statement which the Board approves and adopts monthly.
Mr. John W. Hook of the Office of Risk Management described his agency as "an ancillary agency of the state(that)functions as an insurance company." He confirms that, at all pertinent times, the Louisiana State Board of Cosmetology paid worker's compensation insurance premiums to the Office of Risk Management on all its members including the plaintiff. His testimony sets out the fact that his office requires other agencies to designate, with a "T" beside the name of the person, those whose work regularly requires them to travel and he admits that Carol Belt's name was regularly submitted with this designation. He does not explain what effect, if any, this designation has upon the computation of the premium. Mr. Hook acknowledges that his office paid some compensation benefits in this case, paid part of her medical bills, that he "may have had discussion" with plaintiff's husband about settling the claim and that his office retained counsel to intervene in the suit filed by claimant against the alleged third-party tortfeasor involved in the accident producing her injuries.
Under the provisions of La.R.S. 39:1542 the state has been self-insured for worker's compensation since January 1, 1981. The testimony herein makes it abundantly clear that, pursuant to the provisions of La.R.S. 39:1536, the office of risk management has assessed premiums to the Louisiana State Board of Cosmetology "based on its actual loss experience and exposure levels" which premiums have been paid monthly from funds generated by the agency from the collection of license fees. The payment of the premiums has been reflected on monthly financial statements which were each approved by the Board. It is equally clear that in making the assessment the Office of Risk Management included Carol Belt and likely took into account the fact that her job required regular and frequent travel as indicated by the "T" beside her name in assessing exposure, and, consequently, the amount of the premium.
By Acts 1981, Ex. Sess., No. 25, § 1, effective November 19, 1981, the Legislature added La.R.S. 23:1034 C as follows:

*284 "C. Notwithstanding the provisions of Subsection A hereof, any political subdivision may, in its own discretion and by using its own funds available for same, provide worker's compensation coverage for its officials, in addition to having to provide such coverage for its employees."
The Office of Risk Management concedes that La.R.S. 23:1034 C, applies to the Louisiana State Board of Cosmetology but contends that the claimant is not covered thereby because there is no formal resolution specifically expressing an intention to provide such coverage. The argument is untenable. The evidence amply demonstrates that the Board has exercised its discretion to provide coverage for all its members and employees and "by using its own funds available for same" has paid the premiums in the amount fixed by the office of risk management.

ACTIVITY AT TIME OF ACCIDENT
The defendant contends that the trial court erred in finding that, at the time of the accident, the plaintiff was engaged in the performance of her duties. In his written reasons for judgment the trial judge stated:
"At the trial of this case, the evidence adduced showed that on February 11, 1983, plaintiff, Mrs. Belt, had temporarily departed from her work route and had gone on her own side trip to pick up her child at school but she had returned to work and was on her work route performing the mission of her employer at the time of her accident and injury which occurred near St. Francesville in Louisiana."
In Sanders v. Chesson, 467 So.2d. 1388 (La.App. 3rd Cir.1985) this Court said:
"In order to be entitled to worker's compensation benefits, an employee must show that the injuries received were due to an accident `arising out of' and `in the course of' his employment. La.R.S. 23:1031; King v. Wilson Bros. Drilling Co., Inc., 441 So.2d 68 (La.App. 3rd Cir. 1983), writ denied, 443 So.2d 598 (La. 1983). The terms `arising out of' and `in the course of' are not synonymous, but must be considered together. Lisonbee v. Chicago Mill & Lumber Co., 278 So.2d. 5 (La.1973).
Our courts have had little difficulty in formulating a test for determining whether an employee was within the course of employment when injured. An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Guidry v. Sline Industrial Painters, Inc., 418 So.2d. 626 (La.1982).
However, the test to decide whether an accident arose out of the employment has occasioned our courts some difficulty. In Myers v. Louisiana Ry. and Navigation Co., 140 La. 937, 74 So. 256 (1917), the Louisiana Supreme Court observed that in order to meet the requirement of `arising out of', `[i]t ought to be sufficient that the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment.' Later in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932) our Supreme Court set forth a different test to be employed in determining whether the accident arose out of the employment. In Kern, the Court stated:
`In determiningwhether an accident `arose out of' the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require the employee to be at the place of the accident at the time the accident occurred?'
It has been suggested that where an employee's actions fall squarely with the course of his employment, any risk that he may encounter will be considered as arising out of the employment. However, in situations where there is doubt concerning whether the employee is within *285 the course of his employment, compensation will be allowed only when the employment has exposed the claimant to a greater risk than that to which the general population might have been exposed. W. Malone and A. Johnson, `Workers' Compensation Law and Practice', 13 Louisiana Civil Law Treatise (2d. ed. 1980), § 193 at pages 392-393; see also, Whitney v. U.S. Fid. & Guar. Ins. Co., 373 So.2d 728 (La.App. 2nd Cir.1979), writ denied, 376 So.2d 320 (La.1979)."
It is well established in our law that where there is a temporary deviation from the course of employment to engage in purely personal business, such an employee re-enters his employment and the scope thereof when he has completed his private mission and turned toward the direction of the employment destination for the purpose of discharging his employment duties. Simmons v. Liberty Mutual Insurance Company, 185 So.2d 822 (La.App. 3rd Cir. 1966); Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2nd Cir. 1980) writ refused 385 So.2d 793 (La. 1980).
The evidence amply supports the conclusion of the trial court that the plaintiff's accident occurred during the course and scope of her employment and arose out of the employment. The plaintiff had been on a personal mission earlier but, at the time of the accident, was preparing to turn onto Rosemound Loop Road to investigate a complaint concerning the operation of an unlicensed beauty shop. Investigation of such complaints was a regular part of her duties. The accident occurred during the time of her employment and at a place reasonably contemplated by her employment. The duties of the plaintiff's employment were not performed at any single fixed location but at many different locations to which she was required to travel.
Under the facts as found by the trial court there is no doubt but that the plaintiff was acting within the course of her employment at the time of the accident and, consequently, whatever risk she may have encountered should be considered as having arisen out of the employment. This case does not, however, need to turn on such a broad consideration. Considering the frequency and regularity with which the plaintiff was required to travel and her resulting increased exposure to the hazards of motor vehicle traffic, she meets the test set forth in Myer v. Louisiana Ry. and Navigation Co., supra. Applying the test set forth in Kern v. Southport Mill, supra, we are constrained to conclude that, at the time of the accident, the plaintiff was engaged about her employer's business and that her employer's business reasonably required her to be at the place of the accident at the time it occurred.

DISABILITY
An injured employee is totally disabled if he is unable to pursue any gainful employment without experiencing substantial pain. Lemoine v. Employers Casualty Company, 378 So.2d 594 (La.App. 3rd Cir.1979) writ refused 380 So.2d 101 (La.1980); Bordelon v. Ranger Insurance Company, 413 So.2d 962 (La.App. 3rd Cir. 1982); Harrington v. Starline, Inc., et al, 425 So.2d 307 (La.App. 3rd Cir.1982); Gibson v. Hayes Oilfield Construction Company, et al, 467 So.2d 1304, (La.App. 3rd Cir.1985). The worker has the burden of proving his disability to a legal certainty and by a reasonable preponderance of the evidence. Guidry v. Ford, Bacon & Davis Construction Corp., 376 So.2d 352 (La. App. 3rd Cir.1979); Gibson v. Hayes Oilfield Construction Company, supra. Whether a worker's compensation claimant is suffering pain substantial enough to be disabling is a question of fact to be decided by the trial court on the basis of the preponderance of the medical and lay evidence. Lemoine v. Employers Casualty Company, supra; Bordelon v. Ranger Insurance Company, supra; Dauzat v. Gregory & Cook, Inc., 454 So.2d 807 (La. 1984); La Prarie v. Liberty Mutual Insurance Company, 463 So.2d 908 (La.App. 2nd Cir.1985); Gibson v. Hayes Oilfield Construction Company, supra. The factual findings of the trial court with regard to the issue of disability are entitled to *286 great weight and will not be disturbed unless manifestly erroneous. Brisco v. Board of Elementary And Secondary Education, 422 So.2d 667 (La.App. 3rd Cir. 1982) writs denied 429 So.2d 154 (La. 1983); Campbell v. Luke Construction Company, 453 So.2d 332 (La.App. 3rd Cir. 1984).
The record is replete with testimony of lay and medical witnesses to the effect that the plaintiff, even with regular and frequent pain medication, experiences a great deal of pain when riding, driving, sitting or standing for any lengthy period. Although she has a great deal of latitude in the performance of her duties, being able to perform substantial parts thereof in her own home at times most convenient to her, the claimant appears from the evidence to suffer greatly even when working at home. The chairman of the Louisiana State Board of Cosmetology has relieved plaintiff from performing certain tasks which were part of her employment, such as certain parts of the administration of tests every two weeks, in an effort to make the work bearable. Nevertheless, Mrs. Belt testified that she has remained in pain. Since the accident she has required the assistance of a driver for her travel, but even so, cannot ride for more than about one-half hour without experiencing increased pain. The medical evidence corroborates the testimony of the plaintiff and other lay witnesses as to her pain.
Considering the substantial evidence supporting his conclusions, we find no manifest error in the trial judge's factual finding that the plaintiff is working in substantial pain and is disabled.

PENALTIES AND ATTORNEY'S FEES
In answer to the appeal, the plaintiff contends that the trial court erred in refusing to award penalties and attorney's fees.
Under the provisions of La.R.S. 23:1201.2, as it existed at the time of plaintiff's injury, an employer or insurer was liable for penalties and attorney's fees when its refusal to pay or reinstate benefits was arbitrary, capricious or without probable cause. Whether the refusal to pay benefits was arbitrary, capricious or without probable cause is a factual determination and the findings of the trial court should not be disturbed in the absence of manifest error. Gibson v. Hayes Oilfield Construction Company, supra.
The trial judge found that the defendant acted in good faith on the advice of counsel. Moreover, it appears that the plaintiff had returned to work and further that there were discussions concerning payment of the medical expenses by the insurer of the third-party tortfeasor. The finding of the trial court was not manifestly erroneous.

DECREE
For the reasons set forth hereinabove, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant.
AFFIRMED.
NOTES
[1] Judge Roy B. Tuck, Jr. of the 30th Judicial District Court and Judge John S. Pickett, Jr. of the 11th Judicial District Court participated in this decision as Judges Pro Tempore of the Third Circuit Court of Appeal.
[2] Plaintiff's injury occurred prior to the effective date of Acts 1983, 1st Ex.Sess., No. 1 § 1. Thus the claim falls under the law as it existed at the time of the accident.