554 So.2d 181 (1989)
Richard Lynn LONG, Plaintiff,
v.
MANVILLE FOREST PRODUCTS CORP., Defendant.
No. 20988-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
*182 Bruscato, Loomis & Street by James L. Braddock, Monroe, for plaintiff.
Hudson, Potts & Bernstein by Jay A. Pucheu, Monroe, for defendant.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Plaintiff, Richard Lynn Long, appeals a summary judgment rendered against him in a worker's compensation action. For the reasons hereinafter expressed, we reverse and remand the matter to the district court.

FACTS
On January 23, 1985, in the course and scope of his employment with defendant, Manville Forest Products Corporation, plaintiff sustained an injury when a lift truck ran over his foot. The appropriate worker's compensation benefits were paid from the accident date until plaintiff returned to work on September 22, 1986. No further benefits have been paid.
The present suit was commenced on November 12, 1987. Although acknowledging that plaintiff was currently performing his job, the petition alleged such work was occurring only with a severe amount of pain and through the dictates of economic necessity. Because he was working in pain, plaintiff asserted his entitlement to "permanent disability and/or supplemental earnings benefits, so that Petitioner may find employment that will not require him to work in substantial pain." Penalties and attorney's fees were also sought, it being avered that defendant had arbitrarily and capriciously failed to pay benefits.
Defendant answered and denied that any further benefits were due. In particular, plaintiff had received no disability rating from a physician. Also, inasmuch as he was earning a full salary for his work with defendant, no supplemental earnings benefits were owed to plaintiff.
Subsequently, defendant filed a motion for summary judgment. An affidavit submitted in support of the motion stated that plaintiff currently worked at a higher wage than before the accident. Additionally offered was plaintiff's deposition in which he conceded performing the duties of his pre-accident job during a regular 40-hour work week. After being argued and taken under advisement, the motion was granted. Judgment was signed on January 19, 1989, and this appeal ensued.

*183 DISCUSSION
Of course, the legal principles regarding a summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This is a difficult burden. Only when reasonable minds must inevitably concur is summary judgment warranted and any doubt should be resolved in favor of trial on the merits. Ebarb v. Erwin, 530 So.2d 1166 (La.App. 2d Cir.1988). The mover's pleadings, affidavits and documents are to be scrutinized closely while those of the opponent are to be indulgently treated. Toole v. Tucker, 519 So.2d 348 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1156 (La.1988). Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for entering summary judgment. Adams v. Traveler's Ins. Co., 420 So.2d 507 (La.App. 2d Cir. 1982), writ denied, 422 So.2d 426 (La.1982).
Prior to the 1983 amendments to the worker's compensation statute, a claimant could receive benefits for permanent total disability if he proved by a preponderance of the evidence that he could not return to any gainful employment without suffering substantial pain. See, e.g., Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Henson v. Handee Corp., 421 So.2d 1134 (La.App. 2d Cir.1982). However, after those revisions, in cases involving permanent total disability, the level of required proof has been elevated to clear and convincing and the "working in pain" doctrine has been eliminated as an avenue of recovery. LSA-R.S. 23:1221(2)(b)-(c). Hence, no permanent total benefits are available under the facts of the present case. Also, because the submitted affidavit establishes that plaintiff now is earning a salary greater than 90 percent of his wages at the time of injury, no supplemental earnings benefits are awardable. LSA-R.S. 23:1221(3)(a).
While advancing its motion for summary judgment, defendant readily acknowledges that this court in Johnson v. Monroe Pulp Wood Co., Inc., 505 So.2d 862 (La. App. 2d Cir.1987), held the working in pain doctrine still to be applicable to claims of temporary total disability.[1] But it is argued that, unlike the present plaintiff, the claimant in that case had ceased working prior to the commencement of litigation. Moreover, defendant states in brief that it discovered only one reported decision in which the working in pain issue was litigated while the claimant was employed, and factual distinctions concerning that single case are asserted. Defendant contends no justiciable issue will be before the court until plaintiff withdraws from work because of his pain, and that the statutory provisions allowing awards of penalties and attorney's fees provide adequate protection for him to do so. In essence, it is argued, plaintiff's suit is premature because filed while he continues performing the duties of his pre-accident job.
Notwithstanding the contentions thus made, we nevertheless conclude defendant has failed to carry its heavy burden of establishing the lack of a genuine issue of material fact. As previously mentioned, the "working in pain" doctrine remained viable for claims involving temporary total disability at the time of plaintiff's injury and suit. Marcotte v. Gulf Builders, Inc., 525 So.2d 208 (La.App. 1st Cir.1988), writ denied, 530 So.2d 88 (La.1988). In addition, a case may be examined for temporary total benefits when plaintiff fails to show permanent total disability. LSA-C.C.P. Art. 862; Johnson v. Monroe Pulp Wood Co., Inc., supra.
*184 Contrary to defendant's brief, our research has disclosed other instances in which the question of "working in pain" was litigated while the claimant was engaged in some type of employment. E.g., Powell v. State, Through Pine Crest State School, 491 So.2d 788 (La.App. 3rd Cir. 1986); Layssard v. Proctor and Gamble Manufacturing Co., 490 So.2d 1172 (La. App. 3rd Cir.1986), writ denied, 494 So.2d 1179 (La.1986). In addition, Belt v. State Through Louisiana Board of Cosmetology, 493 So.2d 278 (La.App. 3rd Cir.1986), writ denied, 496 So.2d 1044 (La.1986), involved a worker who returned to her job and continued to work despite pain. An exception of prematurity, apparently based on the fact that the plaintiff continued to receive her regular salary, was overruled by the trial court. The Third Circuit affirmed, stating:
Thus where the claimant was being paid no compensation at all, but due to economic circumstances, was compelled to return to her employment and continued the performance of her duties despite substantial pain, the trial court did not err in overruling the exception of prematurity.
Id., 493 So.2d 278, 282.
Having determined that no legal obstacle to the suit arises from plaintiff's continued work at his pre-accident job, material factual issues are clearly perceivable. The jurisprudence has consistently held that the resolution of a plaintiff's claim of working in pain is a factual matter. Lamette v. Morrison Assurance Co., 461 So.2d 351 (La. App. 2d Cir.1984); Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977); Hebert v. Your Food Processing and Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965). Hence, disposition of this case via summary judgment was inappropriate.

CONCLUSION
For the foregoing reasons, the judgment appealed is reversed, and the matter is remanded to the district court for further proceedings. All costs of this appeal are to be borne by defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] Although not germane to this litigation, we note that the doctrine now has been legislatively abrogated in temporary total cases. Acts 1989, No. 454, § 6.