LEMMON, Judge.
Plaintiff’s employer and its insurer have appealed from a judgment awarding plaintiff workmen’s compensation benefits for total and permanent disability. On appeal defendants question the sufficiency of the evidence of existence of a disabling condition and the award of penalties and attorney’s fees for arbitrary failure to pay benefits.
Plaintiff was a terrazzo mechanic employed by American Tile & Terrazzo Co. In addition to being an officer of the corporation and a shareholder, he was a working foreman who prior to the accident worked daily as a member of a terrazzo crew.
While working on a job in December, 1973, plaintiff sustained a left inguinal hernia which required surgical repair. The general surgeon who performed the January, 1974 surgery testified that the surgery was successful and that plaintiff expressed no complaints of pain during the two-month postoperative period before discharge.
Plaintiff returned with complaints of pain one year after the operation and again an additional four months later, but the doctor’s examination on both occasions revealed no evidence of recurrent hernia. The doctor did find marked tenderness in the area under the scar, and he expressed his belief that the pain was genuine and that plaintiff was not malingering, noting that plaintiff was a stoic individual who tolerated pain well. However, he had no opinion as to the cause of the pain, although he stated “my opinion was that it was hurting”. The only question and answer directly relating to the connection between the pain and the hernia surgery was the following:
“Q. Yes, sir. Now, does it happen in your experience following surgery that people will complain of pain that is not readily medically explainable:
“A. Occasionally, yes.”
Additional evidence consisted of extensive lay testimony concerning the duties of a terrazzo mechanic and the extent of plaintiff’s activities after the surgery. About 40% of a mechanic’s work involves spreading and smoothing terrazzo mix with a straight edge, which is 12 to 14 feet in length. The mix is prepared by helpers and poured onto the area which is being covered, whereupon the mechanic pushes or pulls the pile of mix with the straight edge in a stooping position. When a large area is being covered, the mechanic must spread large amounts of the fast-drying mix quickly. Besides spreading and leveling the mix with the straight edge, other duties of the mechanic include spreading and floating the cement underbedding, rolling the terrazzo mix with .100-pound and 200-pound rollers after seeding, and troweling the mix to a finish with a small trowel. Normally, the entire crew loads the truck with materials at the beginning of the day's activities, but helpers perform most of the carrying of materials during the course of the day.
*392 One of American’s other terrazzo mechanics testified that plaintiff can no longer manage the straight edge alone, especially on jobs involving a large area, or lift heavy materials without complaints of pain. He noted that the difficulty in using the straight edge is the weight of the mix being spread.
• American’s manager testified that plaintiff can still mark and set strips and sprinkle to seed the floor after floating, but cannot do floating and use the straight edge except on small jobs. He affirmed that he would not hire a mechanic who could not operate the straight edge without restriction.
Two of American’s helpers testified that plaintiff can no longer do the heavy work he did before his injury and that he complained of stomach pain whenever he attempted strenuous duties.
Plaintiff testified that a mechanic pulls 100 to 150 pounds with the straight edge on normal jobs, that he can no longer do any but the smallest jobs and that he “suffers the consequences” when he does even these small jobs. He also stated that most of his present duties were supervisory.
The trial judge was apparently very impressed with the lay testimony, since he not only awarded benefits for total and permanent disability, but also imposed penalties and attorney’s fees. After reviewing the entire record, we conclude that the limited medical evidence and the extensive lay testimony support a conclusion that plaintiff was unable to perform a substantial portion of the duties required of his skilled trade without suffering substantial pain. Indeed, he doubtless would not still be employed by American except for the special consideration in assignment of duties because of his peculiar position with the company. Accordingly, we affirm the finding of total and permanent disability.
However, while the evidence in this record supports a finding of total and permanent disability, the trier of fact could reasonably have reached a different conclusion. Under those circumstances we cannot say that defendants were arbitrary or unreasonable in requiring a judicial determination of plaintiff’s evidence. We therefore set aside that part of the judgment which awarded penalties and attorney’s fees.
For these reasons the judgment of the trial court is amended to delete the award of penalties and attorney’s fees. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
STOULIG, J., concurs and assigns reasons.