449 So.2d 110 (1984)
Brian P. CHIASSON
v.
LAFOURCHE PARISH COUNCIL.
No. 83 CA 1139.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*111 Jeffrey M. Boudreaux, of Chiasson & Boudreaux, Thibodaux, for plaintiff-appellee Brian P. Chiasson.
Coleman T. Organ, Metairie, for defendant-appellant Lafourche Parish Council.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The primary issues in this worker's compensation suit are the existence and duration of the plaintiff's disability.
Plaintiff, Brian P. Chiasson, was formerly employed by defendant, the Lafourche Parish Council, as a maintenance helper. During the course of this employment on July 6, 1982, he sustained an injury to his back while lifting and carrying a heavy electric motor. That afternoon he began experiencing pain in his back, which continued to worsen that night. The next day he reported his injury to defendant and sought medical attention from Dr. Obie Naul, a general practitioner. Following an examination, plaintiff was prescribed muscle relaxers and advised not to return to work until July 12, 1982.
On July 12, 1982 plaintiff returned to work. That evening for the first time he began experiencing sharp pain in his leg, in addition to back pain. He worked the remainder of the week in pain, but did not return the following week.
Upon his physician's recommendation, plaintiff saw a therapist for approximately two weeks. Next, he was referred to Dr. Neil Maki, an orthopedist, who initially examined him on July 30, 1982. All of Dr. Maki's findings on this date were essentially normal, except for some hamstring tightness in plaintiff's right leg. Based upon these findings and plaintiff's complaints, Dr. Maki diagnosed his condition as a lumbosacral strain and advised him not to return to work until further evaluation. Plaintiff was put on a conservative care program and prescribed additional medication.
Dr. Maki saw plaintiff on several occasions thereafter, continuing him on the same treatment except for the additional recommendation that he see a physical therapist. By September 20, 1982 Dr. Maki believed plaintiff was neurologically intact, even though he continued to exhibit an objective finding of slight hamstring tightness. He felt plaintiff was able to return *112 to work on light duty, provided he did not climb ladders or lift objects weighing over thirty pounds. By October 20, 1982 Dr. Maki stated plaintiff could return to work and advance to his regular working status.
Plaintiff attempted to return to work shortly thereafter, but was able to remain only a few hours because of pain. Claiming he was unable to work because of this pain, he requested defendant allow him to obtain a second medical opinion. Pursuant to this request, defendant scheduled plaintiff to see Dr. Dexter Gary, an orthopaedic surgeon, on November 1, 1982. Based upon his examination of plaintiff on this date, as well as a review of his x-rays and CAT scan results, Dr. Gary was of the unqualified opinion that plaintiff could return to work.
On the basis of this report and the earlier one from Dr. Maki, defendant terminated plaintiff's compensation benefits effective November 12, 1982, and advised him his employment would also be terminated unless he returned to work by November 15, 1982. Plaintiff returned to work for one day only on November 19, 1982. Although he remained on the job the entire day, he was in substantial pain. He has not worked since that date. Defendant terminated his employment on December 3, 1982.
Subsequently, plaintiff filed suit alleging defendant arbitrarily and capriciously terminated his compensation benefits. Following trial on the merits, a judgment was ultimately rendered in favor of plaintiff, finding him to be temporarily totally disabled. Defendant was ordered to reinstate plaintiff's compensation benefits of $144.00 per week, retroactively from the date of termination through the duration of his disability, plus legal interest, etc. The trial court refused plaintiff's demand for penalties and attorney's fees. Defendant has taken a suspensive appeal which plaintiff answered, requesting an award of penalties and attorney's fees.
Defendant argues the trial court erred in according more weight to lay testimony presented by plaintiff than to the medical evidence presented. The actual issue raised by this argument is whether or not plaintiff has sustained the burden of proving his claim by a preponderance of the evidence.
A worker's compensation claimant is considered totally disabled if he is unable to engage in any gainful employment without suffering substantial pain. La.R.S. 23:1221;[1]Lattin v. Hica Corporation, 395 So.2d 690 (La.1981); Vernon v. Aetna Life and Cas. Ins. Co., 442 So.2d 674 (La.App. 1st Cir.1983). A claimant also is considered totally disabled under the odd-lot doctrine if he is unable, because of physical impairment and other factors, such as mental capacity, education and training, to perform any services other than those which are so limited in quality or dependability that a reasonably stable market for them does not exist. Lattin v. Hica Corporation, supra; Vernon v. Aetna Life and Cas. Ins. Co., supra. The odd-lot doctrine is applicable to substantial pain cases because being able to work only with such pain limits appreciably the types of work available to a claimant and diminishes greatly his competitiveness in the labor market. Id.
A claimant in a worker's compensation proceeding must prove to a "legal certainty" and by a "reasonable preponderance of the evidence" the nature and extent of his disability. Thornell v. Payne and Keller, Inc., 442 So.2d 536, 543 (La.App. 1st Cir.1983). The issue of whether or not plaintiff has met this burden must be determined by examining the totality of the evidence, including both lay and medical evidence. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975), *113 rehearing denied 1975; Thornell v. Payne and Keller, Inc., supra.
The medical evidence in the present case is somewhat limited. The deposition testimony of Dr. Maki and Dr. Gary indicates both thought plaintiff capable of returning to work on full duty by November, 1982. However, neither doctor examined plaintiff following his last attempt to return to work or expressed any opinion as to his condition at the time of trial. Furthermore, Dr. Maki, plaintiff's treating physician from July to October, indicated plaintiff's complaints were consistent with his findings and the injury sustained by plaintiff. He further stated that he believed plaintiff's complaints of pain were genuine.
Additionally, extensive lay testimony was presented by plaintiff, his relatives and friends, as to the nature and degree of pain he experiences and the resulting curtailment of his activities. According to this testimony, plaintiff has suffered persistent and substantial pain in his back and right leg, and occasionally in his left leg, from the time of his injury until trial. He is able to sit or stand only for short periods of time before experiencing pain, and is unable to drive or perform simple tasks without pain. He is unable to even walk without pain. Additionally, he no longer is able to pursue his previously active interest in hunting and fishing.
Plaintiff testified his pain has worsened since the time of his injury, particularly on the three occasions when he attempted to return to work. This testimony was at least partially corroborated by the testimony of his supervisor, Edward Savoie, Jr., that on each of these occasions plaintiff complained of pain either while working or at the end of the day. Mr. Savoie also testified that plaintiff, who was a good worker before his injury, appeared stiff and in pain on the earlier two occasions when he returned to work. The mere fact plaintiff may have done some work on these occasions is not determinative of the issue of disability, since he testified he was able to work only with substantial pain. See Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La.1980); Vernon v. Aetna Life and Cas. Ins. Co., supra.
Plaintiff, who is twenty-four years old, has a high school education but no special training in any area. All of his previous work experience has been in jobs requiring manual labor as a necessary component thereof.
The trial court found the testimony of plaintiff and his lay witnesses, as to the pain suffered by plaintiff, to be highly credible. Lay testimony has great probative value in establishing both the existence of pain and inability to work. See Tantillo v. Liberty Mutual Insurance Company, supra. It is the trial court's function to determine the weight to be accorded the medical and lay testimony. Woods v. Petroleum Helicopters, Inc., 415 So.2d 978 (La.App. 1st Cir.1982). Since the physical inability of a worker's compensation claimant to return to work due to substantial pain is a question of fact, we will not disturb the trial court's determination unless clearly wrong. Patin v. Continental Casualty Company, 424 So.2d 1161 (La. App. 1st Cir.1982), writ denied, 429 So.2d 145 (La.1983). Upon a review of the record, and in light of the trial court's evaluations of credibility, we find no manifest error in the trial court's conclusion that the limited medical evidence and extensive lay testimony support a conclusion that plaintiff is totally disabled. See Babineaux v. Continental Oil Co., 407 So.2d 1323 (La.App. 3rd Cir.1981); Lovisa v. Employers Ins. of Wausau, 343 So.2d 390 (La.App. 4th Cir.1977).
Defendant also argues the trial court erred in awarding plaintiff compensation benefits for the duration of his disability rather than for a fixed time under La. R.S. 23:1222. La.R.S. 23:1221(1) provides that an employee suffering from a temporary total disability should receive compensation benefits during the period of such disability. However, under La.R.S. 23:1222, as it existed at the time of plaintiff's injury, a trial court had the discretion to award benefits for a fixed term instead, *114 based upon the probable duration of a plaintiff's disability.[2] A trial court has much discretion in determining the length of time for which compensation benefits are to be awarded. Coleman v. Crown Zellerbach Corp., 421 So.2d 300 (La.App. 1st Cir.1982). We find no abuse of discretion herein, particularly since there is no indication in the present case of the probable duration of plaintiff's disability.
In his answer to this appeal, plaintiff claims the termination of his benefits by defendant and its refusal to reinstate payments was arbitrary, capricious and without probable cause, entitling him to an award of penalties and attorney's fees under La.R.S. 23:1201.2, as it existed at the time of his injury. A plaintiff bears the burden of proving his employer acted arbitrarily and capriciously in failing to pay benefits due. Coleman v. Crown Zellerbach Corp., supra. An award of such penalties and attorney's fees is precluded when the employer asserts a good faith defense. Id. An employer's refusal to pay compensation benefits is not arbitrary and capricious conduct sufficient to justify an award of penalties and attorney's fees, when based upon medical information that an employee is fit to return to work, even if subsequent events prove this conclusion of fitness to be incorrect. Id.
Defendant was informed by two physicians that plaintiff was capable of returning to work. Defendant's reliance upon this medical information is a good faith defense. We find no manifest error in the trial court's determination that the evidence does not support an award of penalties and attorney's fees.
In his answer, plaintiff also requests the costs of this appeal be assessed against defendant and that both appeal costs and the trial court costs previously assessed against defendant be fixed in a specific dollar amount, pursuant to La.R.S. 13:5112. We agree La.R.S. 13:5112 required the trial court to assess costs against defendant in a fixed dollar amount. However, the failure to do so is a harmless error. Jones v. Recreation and Park Commission, Etc., 395 So.2d 846 (La.App. 1st Cir.) writ denied, 400 So.2d 1379 (1981). To rectify same, we amend the provisions of the judgment as they relate to court costs to provide that defendant be condemned to pay same in the amount of $375.00. In all other respects the judgment of the trial court is affirmed.
Costs on appeal, in the amount of $50.00, are assessed against defendant-appellant.
AMENDED IN PART AND AFFIRMED.
NOTES
[1] We note that La.R.S. 23:1201, et seq. was amended by Act 1 of 1983, 1st Ex.Sess. However, we have applied the law as it existed on the date of plaintiff's injury, since the application of the amended provisions herein would affect substantive rights arising prior to their July 1, 1983 effective date.
[2] La.R.S. 23:1222, as amended by Acts 1983, 1st Ex.Sess., No. 1, § 1, (eff. July 1, 1983), no longer provides as such.