WATKINS, Judge.
Wanda Laverne Collins brought the present suit to obtain worker’s compensation at the rate of $110.00 per week for the period for which she might be disabled in the future as a result of having lifted a heavy box of china in the course and scope of her employment. She also sought penally and attorney’s fees. Named as defendants were J.C. Penney Company, Inc., Mrs. Collins’ employer, and Liberty Mutual Insurance Company, J.C. Penney’s insurer. The trial court rendered judgment for defendants, dismissing Mrs. Collins’ suit with prejudice. We affirm.
The case was submitted partly on testimony in open court and partly on depositions. Basically, Mrs. Collins testified she had injured her back by lifting a 45 piece box of china while working as an assistant manager at Penney’s, and that she had seen a great number of physicians, but was still in pain. The trial court obviously disbelieved Mrs. Collins’ testimony. The testimony (live and by deposition) of the doctors who examined and/or treated Mrs. Collins indicated that they found no objective evidence of disability that would produce pain of the sort complained of by Mrs. Collins. A person is disabled if he is unable to work without substantial pain. Chiasson v. Lafourche Parish Council, 449 So.2d 110, (La.App. 1st Cir.1984). The great weight of the physicians’ testimony is that Mrs. Collins was able to return to work without pain. The only other testi *1004 mony we have is that of Mrs. Collins and her family, who testified she was still in pain. We cannot say that the trial court’s evaluation of credibility was clearly wrong or manifestly erroneous, Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Dominque, 365 So.2d 1330 (La.1978), especially as Mrs. Collins’ testimony was evasive and self-contradictory.
Plaintiff further contends that the trial court erred in not granting her a new trial to take the deposition of a physician who had examined her subsequent to trial. A new trial is not available simply because a physician changed his mind or a new medical opinion is sought. Williams v. Liberty Mutual Insurance Co., 327 So.2d 462 (La.App.3d Cir.1976). If this were not true, there would be no end to the granting of new trials. The trial court acted correctly in refusing to grant plaintiff a new trial.
As Mrs. Collins has not established that she is entitled to workers’ compensation benefits, she is not entitled to penalty or attorney's fees.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.