467 So.2d 1304 (1985)
Gloria GIBSON, Plaintiff-Appellant,
v.
HAYES OILFIELD CONSTRUCTION COMPANY, et al., Defendants-Appellees.
No. 84-281.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Rehearing Denied May 14, 1985.
Writ Denied June 28, 1985.
*1306 Wm. Henry Sanders, Jena, Thomas & Hardy, Robert Thomas, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Chris Trahan and Stephen Berniard, Jr., Lake Charles, for defendants-appellees.
Before FORET, STOKER and KNOLL, JJ.
KNOLL, Judge.
Gloria Gibson brought this workmen's compensation suit against her employer, Hayes Oilfield Construction Company (hereafter Hayes Oilfield), and its insurer, Home Insurance Company, seeking total and permanent disability benefits as well as statutory penalties and attorney's fees. The trial court found Gibson temporarily totally disabled, and awarded her medical expenses and compensation benefits for 150 weeks. Gibson appealed contending the trial court erred: (1) in failing to find that she was permanently and totally disabled; (2) in finding that her medical expenses were limited to the period of disability; and (3) in denying penalties and attorney's fees. Hayes Oilfield answered the appeal contending that Gibson did not suffer a compensable accident. We amend and affirm, finding no abuse of the trial court's discretion.

FACTS
The trial court's well considered reasons for judgment set forth the facts of this case, which we incorporate herein:

"The plaintiff was hired as a cook by Hayes Oil Field Construction or [sic] or about January 26, 1981 at the rate of $4.00 per hour, four hours each day. Her duties were to cook and serve the employees of Hayes Oil Field Construction at the job site near Starks, Louisiana. Her employment required her to cook meals in her home and deliver them to the job site and to either finish cooking or serve the meals at the job site. On the day in question Mrs. Gibson cooked a meal and brought the food to the job site at the usual time and she was accompanied by her husband and daughter in the family pickup truck. Mrs. Gibson alleges that she was informed of pending labor problems and was told to leave and return at a later time. At about 11:30 A.M. she returned alone to the job site with the intention of delivering the food and feeding the workers. She further alleges that upon arrival at the job site she was stopped by Mr. Rufus Hayes who told her to deliver the food to the trailer where she normally prepared the food. She proceeded towards the trailer but was confronted by Mr. Richard Beasley, another employee, holding a shotgun in his hands. She was prevented from getting out of the truck but Mr. Beasley consented to taking the food out of the truck along with another employee, Mr. Ed Hayes. Mr. Beasley apparently leaned the shotgun up against the cab of the truck and proceeded to take the food from the truck and place it on the ground. At this point the claimant began to move the truck in reverse. She stated that Mr. Beasley lunged for the truck apparently to prevent the gun propped against the truck from falling. Mrs. Gibson claims that when Mr. Beasley lunged towards the truck it *1307 startled her and being afraid that the gun may fall and discharge, she put on her brakes suddenly causing her to receive a `whiplash' type of injury. She complained of pain in the neck, arm, head and chest. She stated that her nerves were affected and she began having nightmares and she also stated that she could no longer perform her routine household duties. She also stated that she has difficulty cooking without burning the pots, she can no longer assist at the school as she had in the past nor could she perform any work as previously performed; namely, as a commissioned door to door saleswoman. This testimony was corroborated by her family. She was first seen by Doctor Harper Willis on February 2, 1981 and several times thereafter. Dr. Willis treated her for a traumatic stress disorder which was precipitated by the incident which occurred on the job. Mrs. Gibson related that she stopped seeing Dr. Willis because she could not pay him for the visits.

Mrs. Gibson then went to see Dr. John J. McCutchen, M.D. in Houston, Texas. By way of deposition Dr. McCutchen stated that Mrs. Gibson probably had a cervical sprain, but at the time, (November 24, 1981) he doubted any evidence of cervical discapathy [sic]. He further felt that Mrs. Gibson should receive adequate psychological care and supervision and characterized Mrs. Gibson as being a `very disturbed lady'. He also felt that the incident which occurred on the job resulted in her emotional as well as the physical injury. The deposition also indicates that with proper care Mrs. Gibson should recover within a limited period of time. She then went to Dr. Ronald Pryer, Clinical Psychologist, on or about May 16, 1981 and he treated her on five or more occasions with physiotherapy for her anxiety, depression and tension. On the day of the trial Mrs. Gibson was still complaining of her nerves, anxiety and some depression. Dr. Pryer indicated that physiotherapy for Mrs. Gibson should last six to nine months."

DISABILITY
A worker who cannot return to gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La. 1981). Total disability, whether permanent or temporary, means the inability to engage in any gainful occupation, whether or not the same or one similar to that in which the employee was customarily engaged when injured. LSA-R.S. 23:1221(1), (2); Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982). Whether a worker's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La.App. 3rd Cir.1981), writ denied, 407 So.2d 735 (La. 1981).
The worker has the burden of proving his disability to a legal certainty and by a preponderance of the evidence. Augustine, supra; Guidry v. Ford, Bacon & Davis Construction Corp., 376 So.2d 352 (La.App. 3rd Cir.1979). In every case the totality of the evidence, medical and lay, must be examined by the court in making its determination of whether to grant a disability award. Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La.1977); Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975).
The criteria to determine whether disability is temporary or permanent is claimant's condition at the time of trial. Glover v. Southern Pipe & Supply Co., 408 So.2d 352 (La.App. 4th Cir.1981), writ denied, 412 So.2d 86 (La.1982). On appellate review, the trial court's factual findings with regard to the issue of disability are entitled to great weight, and will not be disturbed absent clear error. Culp v. Belden Corp., 432 So.2d 847 (La.1983).
In the present case, Gibson contends that she is totally and permanently disabled. *1308 She complains of pain in her neck, arm, head and chest, nerve problems, nightmares, and inability to perform routine household duties as a result of the accident.
The trial court found Mrs. Gibson suffered a temporary total disability. In its reasons for judgment, the court stated:
"In this case there is no question but that Mrs. Gibson was within the course and scope of her employment in delivering food to the job site. The accident in this case occurred at the moment she suddenly jerked her neck while backing her truck to leave the job site as instructed. This sudden event contributed eventually to the physical and emotional breakdown of Mrs. Gibson.
The burden of proof was upon Mrs. Gibson to show what occurred and the event bringing about her disability and this Court feels that her version of what occurred was acceptible [sic] especially when there was no testimony to refute the same.
The extent of the claimant's disability is not at all easy to determine. In his deposition Dr. John McCutchen indicated that Mrs. Gibson could return to light work and as of November 24, 1981 she had recovered from her physical injury. It appears, however, the emotional injury received by the claimant was still existing up to the time of the trial. The testimony of Dr. McCutchen and Dr. Pryer seems to indicate that the plaintiff with proper therapy will completely recover within six months to nine months.
In view of the foregoing medical and lay testimony the claimant is due benefits for temporary total disability under LSA R.S. 1221(1) or sixty-six and two-thirds per centum of wages during the period of her disability not to exceed one hundred fifty weeks."
Under LSA-R.S. 23:1222, as it existed at the time of Gibson's injury, a trial court had the discretion to award benefits for a fixed term, based upon the probable duration of the plaintiff's disability. A trial court has much discretion in determining the length of time for which compensation benefits are to be awarded. Chiasson v. Lafourche Parish Council, 449 So.2d 110 (La.App. 1st Cir.1984). We find no abuse of the trial court's discretion in awarding temporary total disability benefits for 150 weeks. However, the trial court calculated Gibson's benefits on the basis of a six-day work week. The only evidence in the record is Gibson's testimony that she agreed to work seven days per week, earning $112 per week. Therefore, we accept her testimony and amend the trial court's award to provide for weekly payments in the amount of $74.66 per week during her disability not to exceed 150 weeks.

MEDICAL EXPENSES
The right to medical expenses under workmen's compensation is separate and distinct from the right to compensation. Young v. Hercules, Inc., 451 So.2d 109 (La.App. 3rd Cir.1984). An award of medical expenses to a workmen's compensation claimant must be limited to those shown to have been made necessary by the accident. Mitchell v. K-Mart Enterprises of Louisiana, Inc., 319 So.2d 826 (La.App. 1st Cir.1975). Future medical expenses are not allowed in workmen's compensation cases unless proven at trial. Van Dyke v. Colfax Creosoting Co., 295 So.2d 589 (La. App. 3rd Cir.1974), writ denied, 300 So.2d 182 (La.1974).
In the present case, the trial court awarded Gibson $4,546.42 for medical expenses incurred to the date of judgment, October 21, 1983. On appeal Gibson seeks payment of medical expenses incurred since the judgment. At trial Gibson presented no evidence to substantiate her claim for future medical expenses. The trial court found that she had completely recovered from her physical injuries and could return to light work. The court also noted that Gibson would completely recover from her emotional injury within several months. Further, Gibson failed to show the necessity of these additional medical expenses. We cannot, therefore, conclude *1309 that the trial court was clearly wrong in its award of medical expenses.

PENALTIES AND ATTORNEY'S FEES
A compensation insurer is liable for statutory penalties and attorney's fees when its refusal to pay benefits is arbitrary, capricious, or without probable cause. LSA-R.S. 22:658. This section is penal in nature and must be strictly construed. Young v. State Farm Fire & Cas. Ins. Co., 426 So.2d 636 (La.App. 1st Cir. 1982), writ denied, 433 So.2d 148 (La.1983); Headrick v. Pennsylvania Millers Mutual Ins. Co., 257 La. 1101, 245 So.2d 324 (1971). A plaintiff bears the burden of proving that his employer or insurer acted arbitrarily and capriciously in failing to pay benefits. Chiasson, supra. Whether the refusal to pay compensation benefits was arbitrary, capricious or without probable cause is a factual determination which must be determined upon the merits of each case. Smith v. Borden, Inc., 413 So.2d 701 (La. App. 4th Cir.1982), writ denied, 420 So.2d 171 (La.1982). We may not disturb the trial court's findings absent manifest error. Henson v. Handee Corp., 421 So.2d 1134 (La.App. 2nd Cir.1982).
In the present case, the trial court noted that the employer received no report of the accident and that even after demand was made upon the employer there was still doubt as to how the accident, if any, occurred. The trial court found that the employer did not act arbitrarily or capriciously under the circumstances; therefore, the court denied Gibson's claim for penalties and attorney's fees. We find no manifest error in the trial court's determination.

DECREE
For the foregoing reasons the judgment of the trial court is amended and recast as follows, and, as amended, is affirmed.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Gloria Gibson, and that the defendants, Hayes Oilfield Construction Company and Home Insurance Company, pay unto Gloria Gibson workmen's compensation benefits in the amount of $74.66 per week for 150 weeks, subject to a credit for any compensation benefits previously paid. Except as amended the judgment of the trial court is affirmed.
All costs of this appeal are assessed against the defendants, Hayes Oilfield Construction Company and Home Insurance Company.
AMENDED AND AFFIRMED AS AMENDED.