KNOLL, Judge.
William Acree, Page Acree, and their insurer, Southern Farm Bureau Casualty Insurance Company (defendants), appeal the trial court’s judgment awarding Samuel Boudreaux worker’s compensation benefits of $79.50 per week for his permanent partial disability resulting from an employment-related accident. The sole issue is whether the trial court erred in finding Boudreaux partially and permanently disabled under LSA-R.S. 23:1221(3). We affirm, finding no manifest error in the trial court’s factual determinations.
FACTS
On May 22, 1982, Samuel Boudreaux, then fifteen years of age, was employed by the Aerees to help clear farm land. This was his second day of work. Boudreaux’s duties entailed walking behind a tractor-trailer picking up chunks of wood and putting them in the trailer; the chunks weighed from five to fifteen pounds. Bou-dreaux was injured while he was riding on the tractor when his left leg was caught between the revolving tire and the fender of the tractor, causing severe injuries to his left leg and left hip. He suffered eight or nine fractures from the pelvis on down to the left leg, a ruptured spleen, and bruises on his shoulders and chest. He had a closed fracture of the distal femural epiph-ysis which is the growth plate located approximately two and one-half inches above the knee joint, which caused growth retardation. He now has a loss of flexion and loss of extension of the left knee, lower .back pain, and his left leg is ⅝ inch shorter than his right leg.
Boudreaux was treated by Dr. Frank Mayer, an orthopedic surgeon, for approximately two years and was ultimately discharged with a fifteen percent permanent disability. Upon discharge, Dr. Mayer opined that Boudreaux could return to the work he was doing at the time of injury.
Boudreaux’s father brought this action on his behalf, as his natural tutor, contending that Boudreaux was totally and permanently disabled; he also sought penalties and attorney’s fees. The trial court awarded Boudreaux permanent and partial disability, but dismissed the claims for penalties and attorney’s fees.
DISABILITY
At the time of Boudreaux’s injury, LSA-R.S. 23:1221 provided in pertinent part:

“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:

* * * * * *
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty:six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from *815 injury occurring on and after September 1, 1975, and on or before August 31, 1976; and not beyond a maximum of four hundred twenty-five weeks for such partial disability resulting from injury occurring on and after September 1, 1976, and on or before August 31, 1977, and not beyond a maximum of four hundred fifty weeks for such partial disability resulting from injury occurring on and after September 1,1977; provided further that for any week during which the employee is paid any compensation under this subdivision (3) the employer shall be entitled to a reduction of one full week of compensation against the maximum number of weeks for which compensation is payable under this subdivision (3) and for any week during which the employee is paid no compensation, because of the employee’s actual earnings during that week, the employer shall not be entitled to a reduction for that week against the maximum number of weeks for which compensation is payable under this subdivision (3), and in no event shall the total number of weeks of compensation for such partial disability under this subdivision (3) be increased beyond the maximum number of weeks stated in this subdivision (3). ”
The worker has the burden of proving his disability to a legal certainty and by a preponderance of the evidence. Gibson v. Hayes Oilfield Const. Co., 467 So.2d 1304 (La.App. 3rd Cir.1985), writ denied, 472 So.2d 918 (La.1985). In every case the totality of the evidence, medical and lay, must be examined by the court in making its determination of whether to grant a disability award. Gibson, supra; Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La.1977). Whether a worker’s pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Gibson, supra; Latiolais v. Home Ins. Co., 454 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 460 So.2d 610 (La.1984).
The criterion to determine whether disability is temporary or permanent is claimant’s condition at the time of trial. On appellate review, the trial court's factual findings with, regard to the issue of disability are entitled to great weight, and will not be disturbed absent clear error. Gibson, supra; Latiolais, supra.
In the present case, defendants contend that Boudreaux is not permanently partially disabled because: (1) Dr. Mayer stated that Boudreaux could probably return to his previous employment as of August 29, 1983, with no physical restrictions; and (2) Dr. Joseph Patton, who had performed Boudreaux’s spleeneetomy, re-evaluated Boudreaux in December 1984 and at that time opined that Boudreaux could resume normal activities.
The record shows that the trial ‘ court considered the medical evidence as well as the lay testimony. In its written reasons for judgment, the trial court stated:

“The plaintiff [BoudreauxJ is now 18 [years of age], is 5 feet 2 inches tall, and weighs 109 pounds.

He has been left with:

1. Ten (10%) percent loss of flexion in the left knee.

2. Three (3%) percent loss of extension of the left knee.

3. Cannot completely squat because of the left knee.

j. Cannot pick up over 50 pounds.

5. Has pain in his lower back.

6. Five-eighths (⅝") inches shorter left leg.

7. Difficulty in stooping or squatting.

8. Has a fifteen (15%) percent overall bodily, anatomical loss and/or disability.

In other words, a common labor[erl who was somewhat handicapped because of his size, has residual disability superimposed on his short stature, after undergoing two operations, staying about four weeks in the hospital, and undergoing treatment about two and a half years as an out-patient.

*816
When plaintiff was hurt, he and other youngsters were following behind a tractor pulling a wagon and picking up ‘chunks’ (pieces of trees) resulting from land clearing.

Plaintiff argues that he cannot do oil field work, arguing that this is the type of work people like plaintiff customarily do, and further arguing that there is really no land-clearing as a regular occupation going on.

Defendant argues that he was injured picking up ‘chunks’ of about 10 to 15 pounds, and there is no doubt he can go back to same. (In fact, Dr. Mayer so reported.)

It appears to the Court that both plaintiff and defendant do not take a broad enough view of the classification of plaintiff. He was not and is not an oil field worker. Nor, is he a ‘chunk’picker-upper. In the Court’s view, he is a common laborer. (At the present time he is trying to improve his situation, as he is going to Trade School to become a mechanic, but is having some difficulty with stooping and squatting; and, because of his injury, is limited to lifting about 50 pounds. He claims he has to stretch out his left leg to be able to stoop or squat.)

In considering him in the light of a common laborer, it is apparent he was handicapped because of his size. He is now further handicapped because of his injuries.

The litigants lose sight of the fact that as a common laborer he was hurt while performing ‘light duty’work; but, common labor, or even farm labor, encompasses both light and heavy duties; and, in assessing his ability to work, we must necessarily assess it in the light of all duties, light and heavy, which a common laborer must perform.

* * * * * *

This Court believes that this man, for the time being, is an ‘odd lot’ and, as such, is presently totally, permanently disabled, and will probably be so for the rest of his life, as far as common labor is concerned.

However as pointed out by Jude Calogera [sic] in Schouest [v. J. Ray McDermott & Co., Inc.] 411 So.2d 1042, and by Section 275, page 615 of Volume 13, Louisiana Civil Law Treatise, ‘Worker’s Compensation’, written by Malone & Johnson, the purpose of the 1975 Amendment, was to take people like plaintiff, out of the total permanent provisions R.S. 23:1221(2) and put them under Section 1221(3), the language of which is:

A worker is partially disabled by an injury if he is unable to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature or description for which he was fitted by education, training or experience.

If he is placed under the ‘partial disability’ provision, it is apparent that he will pursue his studies to be a mechanic, finish Trade School in about a year and a half, and then go to work earning a great deal more than he can draw in workmen’s compensation.

This will fulfill the purpose of the Act, because it will create a transition period, rehabilitate him, convert him from a common to a skilled laborer, and then return him to productivity at a salary not only far in excess of workmen’s compensation benefits, but in excess of what he was earning as a common laborer. The Act’s purpose will be carried out, and society will benefit. Accordingly, the Court finds the plaintiff partially disabled under R.S. 23:1221(3). ”

We find the record contains ample evidence to support the trial court’s finding that Boudreaux is partially and permanently disabled. Accordingly, we affirm. All costs of this appeal are assessed against the appellants, Southern Farm Bureau Casualty Insurance Company, William S. Aeree, and Page W. Aeree.
AFFIRMED.