KNOLL, Judge.
In this worker’s compensation suit, Baker Manufacturing Company, Inc., and its insurer, Employers Insurance of Wausau (hereafter defendants), appeal the trial court’s award of penalties and attorney’s fees to Betty Golden for defendants’ arbitrary and capricious conduct. Golden answered the appeal, seeking an increase in attorney’s fees for defense of the appeal. The sole issue is whether the trial court committed manifest error in awarding penalties and attorney’s fees under LSA-R.S. 23:1201.2. Finding no abuse of the trial court’s discretion, we affirm its award of penalties and attorney’s fees, and further award Golden $1000 attorney’s fees for the defense of the appeal.
*872 The learned trial judge handed down written reasons setting forth the facts of this case which we incorporate herein:

“This is a suit for workmen’s compensation benefits brought by Betty Golden against her former employer, Baker Manufacturing Company and its insurer, Wausau Insurance Company. Plaintiff contends that while working in the shipping department of the technical products division of Baker Manufacturing Company she injured her back while in the process of dragging a box of discarded materials from the shipping department to an outside trash area. She stated that she had to move several boxes to the trash area and as she was unable to carry the boxes, she accomplished this by dragging the boxes on the ground. This was done in a bent-over position. As she was dragging the last box across a door threshold, she noticed that materials were spilling from beneath the box. To prevent this, she put one of her hands underneath the box to hold it closed and began dragging the box with the other hand in an awkward stooped position. As she did this, she began to notice significant pain in her back.

As this concluded her duties in the shipping room for that day, she went to her work station in the electronic assembly section and attempted to assume these duties. As she sat at the assembly table her back pain became more severe and she left to go to the restroom for a cigarette break. Getting no relief from the break, she attempted to return to her work-station, but was unable to do so without leaning against a wall. She was seen in this position by fellow employees, including her immediate supervisor, Mr. Allen Sullivan, who assisted her to her automobile. She was driven to the emergency room of England Air Force Base Hospital by a fellow employee.... The Court has no trouble in concluding that plaintiff suffered an accident while employed by the defendant on July 16, 1982.

Furthermore, the Court concludes that the disc injuries suffered by plaintiff were the result of said accident. Obviously, plaintiff had pre-existing back problems and, in fact, notified her employer of these problems at the time of her employment. In November of 1979 she was hospitalized for 28 days in Austin, Texas, due to a back strain caused when she tried to move a king-size bed. She saw Dr. John Weiss of Alexandria, Louisiana, in October of 1981, complaining of back pain and on December 1st of that year, Dr. Weiss admitted her to Rapides General Hospital for a bone scan, myelogram, CT Scan and other tests. Dr. Weiss testified that whereas plaintiffs complaints and history indicated a bulging disc in the lumbo sacral area the tests did not reveal this and all of them were within normal limits. Dr. John D. Jackson, a neurosurgeon, reviewed these tests in August of 1982, and verified that they were negative for disc pathology. After seeing the plaintiff on several occasions, after her accident, Dr. Jackson admitted her to Lakeside Hospital in Metair-ie, Louisiana, on March 21, 1983, for discograms. These were positive for disc injury and on March 23, 1983, Dr. Jackson performed a bilateral Lj-5 dis-cectomy and a left L5S1 disectomy. Although plaintiffs back was probably predisposed to injury, it is the conclusion of the Court that these disc injuries were caused in fact by plaintiffs accident of July 16, 1982.”

The sole issue for our determination is whether the trial court erred in awarding Golden penalties and attorney’s fees. Defendants contend the trial court’s award of penalties and attorney’s fees was manifest error because: (1) they relied on the opinions and reports of the treating physicians to terminate benefits; (2) they did not misrepresent Golden’s job description to the physicians; and (3) compensation benefits were discontinued after a period of physical therapy due to Dr. Weiss’ opinion that Golden could return to her regular employment.
*873 In order to recover penalties and attorney’s fees, the plaintiff must prove by a preponderance of the evidence that the employer’s decision to discontinue worker’s compensation payments was unreasonable and arbitrary. Chiasson v. Lafourche Parish Council, 449 So.2d 110 (La.App. 1st Cir.1984); Eschete v. Gulf South Beverages, 442 So.2d 556 (La.App. 1st Cir.1983). Whether an employer’s refusal to pay worker’s compensation benefits is arbitrary, capricious and without probable cause, is a question of fact which will not be disturbed on appeal absent manifest error. Williams v. Western Preferred Cas. Ins. Co., 465 So.2d 191 (La.App. 3rd Cir.1985); Henson v. Handee Corp., 421 So.2d 1134 (La.App. 2nd Cir.1982).
In the present case the trial court awarded Golden 12% penalties on all benefits due and $3500 attorney’s fees. In its written reasons for judgment, the trial court stated:
“The remaining issue for determination is the question of penalties and attorney’s fees. Defendant discontinued benefits in July of 1984, following responses from Drs. Jackson and Weiss that plaintiff could now perform the work described to them as her former duties. There is no disputing the fact that the job description furnished the doctors did not include the work plaintiff was required to perform from time to time in the shipping room; this being the work she was actually performing at the time of her injury. As this job description was furnished by defendant’s personnel manager rather than plaintiffs immediate supervisor, the Court will not go so far as to conclude that there was a deliberate misrepresentation of the information furnished the doctors as the basis for their opinions. Nevertheless, it was misrepresented and this error is attributable to the defendants. Furthermore, and as previously noted, Dr. Weiss prescribed physical therapy for plaintiff in October of 1984, some three months after the discontinuance of benefits. He stated that the physical therapy was discontinued after four weeks as it did not get plaintiff the desired relief from her pain. At no time after the discontinuance of physical therapy did Dr. Weiss release plaintiff to return to work. Although defendants have paid plaintiff compensation benefits for the 32 days she was undergoing physical therapy, they have not paid her benefits since that time. As a matter of law, the Court finds defendants’ conduct to be arbitrary and capricious entitling plaintiff to penalties and attorney’s fees.

A review of the record indicates an extensive amount of work performed by plaintiffs attorney in the gathering and presentation of evidence to the Court. Attorney’s fees are set at the sum of $3,500.00for the legal work performed to date. It is anticipated that an appropriate increase in these fees will be granted if it is necessary for plaintiffs attorney to represent her beyond the trial stage of this matter.”

After a careful review of the record, we find no manifest error in the trial court’s award of penalties and attorney’s fees, accordingly, we affirm.
In answer to the appeal, Golden seeks an additional $2500 attorney’s fees for defense of the appeal. We find that an additional $1000 is an adequate award for attorney’s fees in defense of this appeal.
For the foregoing reasons, the judgment of the trial court is amended so as to increase the award of attorney’s fees to the sum of $4,500. In all other respects the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellants, Baker Manufacturing Company, Inc. and Employers Insurance of Wausau.
AMENDED AND AFFIRMED.