457 So.2d 248 (1984)
Willie Mae SMITH, Plaintiff-Appellee,
v.
UNION UNDERWEAR, INC., d/b/a Jeanerette Mills, et al., Defendant-Appellant.
No. 83-869.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*249 Voorhies & Labbe, John N. Chappuis, Lafayette, for defendant-appellant.
Anthony W. Skidmore, New Orleans, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOUCET, Judge.
Willie Mae Smith, plaintiff-appellee, brought this suit against Union Underwear, Inc., defendant-appellant, seeking workmen's compensation benefits. The trial court awarded Mrs. Smith compensation benefits for a permanent and total disability. Union Underwear, Inc. perfected this appeal.
Mrs. Smith was an examiner of underwear briefs for Union Underwear, Inc. at their Jeanerette, Louisiana facility. This position entails inspecting newly manufactured underwear briefs for sewing defects and when defects are detected, to return the briefs to the sewers for repairs. On February 28, 1980, while performing this task, the plaintiff stooped down and hit her knee against a desk. The impact and location of the blow caused an injury to Mrs. Smith's right knee. Mrs. Smith tried to continue working but was unable to complete the workday because of increasing pain in her knee.
On March 1, 1980 the plaintiff visited Dr. James Falterman, who is her family physician, with complaints of swelling and increasing pain on her right knee. Dr. Falterman prescribed pain medication and rest. During the course of several subsequent visits Dr. Falterman detected no improvement in the condition of the knee so he referred the plaintiff to Dr. Fletcher Sutton, who is an orthopedic surgeon in New Iberia, La. After several visits, Dr. Sutton performed exploratory surgery on March 18, 1980. The surgery revealed some internal bleeding and inflammation, but no ligament or cartilage damage was detected. Dr. Sutton monitored Mrs. Smith's recovery and by July 5, 1980 he was satisfied that Mrs. Smith could return to her job if she could sit down while she worked. Mrs. Smith then consulted Dr. Louis Blanda, who is an orthopedic surgeon in Lafayette, La. During the course of several visits Dr. Blanda observed some swelling of the knee but was unable to conclude on a satisfactory diagnosis. More exploratory surgery was recommended but it was never effected.
Mrs. Smith returned to work on July 5, 1980 as an examiner of underwear briefs and was then dismissed on January 15, 1981 for excessive absences. Mrs. Smith sought workmen's compensation benefits from Union Underwear, Inc. and this lawsuit ensued.
At the trial the medical evidence consisted of the depositions of Dr. Sutton, Dr. Blanda, and Dr. Falterman. Dr. Sutton testified that Mrs. Smith's recovery was completely satisfactory and that the plaintiff should have been able to return to work in an unrestricted fashion in spite of the fact that the knee would never be exactly the same. Dr. Sutton also said that Mrs. Smith never complained of severe pain when he was monitoring her recovery from the exploratory surgery. Dr. Blanda testified that he was unable to ascertain the precise reason for Mrs. Smith's painful condition but was satisfied that her complaints were sincere. Dr. Blanda pointed out that he could not competently state whether Mrs. Smith could return to work because he was not familiar with the details of her job. Dr. Falterman testified that he could not diagnose the reason for Mrs. Smith's pain in her knee but that throughout his consultation with the plaintiff through November of 1981 he was satisfied with the sincerity of her complaints.
The lay testimony began with three of Mrs. Smith's co-employees who remarked that the plaintiff rarely complained of pain on the job and was in fact the plant's most productive examiner until her job was terminated. Mrs. Smith's daughter testified that Mrs. Smith could no longer engage in household chores and had to spend most of her time in a resting or sitting position. Finally, the plaintiff testified that her return *250 to work after July 5, 1980 was very difficult because of the extreme pain that she suffered in her knee. She added that she had lost confidence in Dr. Sutton and so she ceased to be open and frank with him. Mrs. Smith said that this was why she sought the opinion of Dr. Blanda.
The trial court concluded that Mrs. Smith suffers from pain that is so substantial that it precludes her from returning to her previous occupation and also from engaging in gainful employment for which she is qualified, thereby qualifying the plaintiff for odd-lot status. As an odd-lot worker the trial judge awarded the plaintiff workmen's compensation benefits for a permanent and total disability pursuant to L.S. A.-R.S. 23:1221(2). The issues on this appeal are whether the trial court was clearly wrong in its factual conclusion concerning the degree of pain from which Mrs. Smith suffers and whether this disability is total and permanent.
The appellant contends that the trial court was clearly wrong in failing to give appropriate weight to the testimony of Dr. Sutton who was the operating and treating orthopedic surgeon as well as Dr. Blanda who was the subsequent examining orthopedic physician, and instead based his factual conclusions on the testimony of the plaintiff and her daughter. Appellant urges us to disregard the testimony of Dr. Falterman and the plaintiff because it is contradicted by the testimony of a treating specialist. It is asserted by the plaintiff that if the evidence is evaluated in this fashion, then a conclusion that Mrs. Smith suffers from substantial pain must be clearly wrong.
The issue of pain experienced by a claimant seeking compensation benefits is a question of fact to be resolved by the trier of fact. Newell v. United States Fidelity and Guaranty Company, 368 So.2d 1158 (La.App. 3rd Cir.1979). As the trier of fact in this case, the trial court decided that the medical evidence was not dispositive on the issue of pain, and chose instead to rely on the testimony of the plaintiff that was somewhat corroborated by the claimant's daughter and Dr. Falterman. Furthermore, the record reveals that no examining physician in this case doubted the sincerity of the plaintiff's complaints of pain in her knee which further corroborates the plaintiff's testimony. When the factual issue is the severity of pain suffered by the claimant, the trial court's conclusions must be based on its evaluation of the claimant's testimony because, in the final analysis, the plaintiff is the only one capable of describing his pain. Kraemer v. Louisiana Power and Light Co., 393 So.2d 346 (La.App. 1st Cir.1980). Therefore the trial court was justified in placing greater weight on the plaintiff's testimony rather than relying on the medical evidence of Dr. Sutton. This factual conclusion that Mrs. Smith suffers substantial pain which prevents her from working as an examiner of underwear briefs is not clearly wrong and therefore will not be disturbed on appeal. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979).
The remaining question is whether the plaintiff is entitled to benefits for a total and permanent disability. At this point, it is necessary to make a vital distinction between two bases for being determined as totally and permanently disabled. The first type of total and permanent disability is caused by pain that is so substantial that the claimant is precluded from engaging in any type of work whatsoever. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980). The standard in Dusang that warrants such a finding is that the pain cannot be residual or merely a discomfort but, on the other hand, the plaintiff need not be helpless in order to qualify for total disability. It is established that Mrs. Smith is suffering from pain that is so substantial that she cannot return to her former occupation as an examiner of underwear briefs. But Mrs. Smith is physically capable of a job that is purely sedentary in nature. When a claimant can work in some type of job without experiencing substantial pain then she is only partially disabled even though she cannot return to her former occupation. *251 Conlay v. Houston General Insurance Co., 370 So.2d 196 (La.App. 3rd Cir.1979). Therefore Mrs. Smith does not qualify for this first type of total and permanent disability and its compensation benefits.
The second ground for entitling a claimant to benefits for a total and permanent disability is his qualification as an odd-lot worker. If a claimant's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market he can be treated as an odd-lot worker and be awarded total disability unless there is proof that jobs are realistically available to him. Culp v. Belden Corp., 432 So.2d 847 (La. 1983). It is established that Mrs. Smith cannot return to her former occupation. The inquiry is then directed to other types of employment that the plaintiff could perform. The only type of work available to Mrs. Smith is that which is purely sedentary. But most sedentary work requires a certain level of training or education. Mrs. Smith has a limited education, narrow work experience and is advanced in age. These factors compound her disability to make her a particularly undesirable employee to be hired full time and therefore severely hinders her ability to viably compete in today's market with its emphasis on training and specialization and its vulnerability to economic cycles. This combination of traits qualify Mrs. Smith as an odd-lot worker. Dusang supra. Therefore Mrs. Smith is entitled to compensation benefits for a total and permanent disability pursuant to LSA-R.S. 23:1221(2) unless the defendant can satisfactorily prove that some type of work is available to the plaintiff on a regular basis. Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La. App. 3rd Cir.1982).
The defendant suggested only one type of work for which Mrs. Smith may be qualified to perform which was to work as a cosmetologist. Mrs. Smith is legally qualified to be a cosmetologist because she has a license but she is physically unable to do the work because it requires long periods of standing that would aggravate her knee injury. The trial court was correct in classifying Mrs. Smith as an odd-lot worker and awarding her benefits for a total and permanent disability.
For the above and foregoing reasons the trial court's judgment is affirmed. Costs of this are assessed to the defendant-appellant.
AFFIRMED.