DOUCET, Judge.
The plaintiff-appellant, Howard Walker, brought this suit against Hydraulic Work-over, Inc. and its insurer, The Aetna Casualty and Surety Company, Inc., seeking worker’s compensation benefits. The trial court awarded Mr. Walker benefits for a total, permanent disability. The defendants appeal.
Mr. Walker was a laborer for Hydraulic Workover, Inc. On February 8, 1977, he was engaged in workover operations on a stationary offshore oil platform. While trying to free the slips which attach to the pipe in order to pull it out of the well, Walker’s hand was caught in the slips. The cable attached to the slips was inadvertently raised, throwing Walker between 20 and 45 feet into the air. He fell from that height onto an iron grating, landing on his feet.
The plaintiff has undergone extensive surgery on his feet. Testimony at the trial indicates a 25% disability of the left leg and a 40% disability of the right leg. He is unable to walk on uneven ground. His balance is impaired. He is unable to climb stairs, squat, or lift more than 35 pounds. He should not spend more than four hours at a time on his feet. Standing for any length of time causes severe pain, as does walking. Walker has been unable to maintain employment since the accident.
At trial it was stipulated by the parties that: 1) Mr. Walker was injured in the course and scope of his employment by Hydraulic Workover, Inc.; 2) Aetna Casualty and Surety was the worker’s compensation insurer for Hydraulic on that date; and 3) Mr. Walker was receiving compensation benefits at a rate of $92.12 per week from the date of the accident. After a trial on the merits, the trial judge concluded that Mr. Walker was permanently totally disabled and entitled to compensation at a rate of $95.00 per week, plus 30c per mile travel expenses. The judge awarded penalties and attorney’s fees based on the defendants’ arbitrary refusal to pay the full amount of compensation due to Mr. Walker.
The issues on this appeal are whether the court erred in awarding permanent total disability and whether an award of penalties and attorney’s fees was warranted.
BENEFITS
Benefits for permanent total disability may be awarded in two different situations:
“The first type of total and permanent disability is caused by pain that is so substantial that the claimant is precluded from engaging in any type of work whatsoever. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980). The standard in Dusang that warrants such a finding is that the pain cannot be residual or merely a discomfort but, on *399 the other hand, the plaintiff need not be helpless in order to qualify for total disability.”
Smith v. Union Underwear, 457 So.2d 248 (La.App. 3rd Cir.1984).
The record establishes that Mr. Walker is prevented from returning to his former employment by his disability. Testimony at trial, however, revealed that Mr. Walker could work in a job that would be entirely sedentary in nature.
“When a claimant can work in some type of job without experiencing substantial pain then she is only partially disabled even though she cannot return to her former occupation. Conlay v. Houston General Insurance Co., 370 So.2d 196 (La.App. 3rd Cir.1979).”
Smith v. Union Underwear, supra. Therefore, Mr. Walker is not entitled to benefits under this first type of permanent total disability.
A person may also qualify for permanent total disability benefits as an odd lot worker.
If a claimant’s pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market he can be treated as an odd-lot worker and be awarded total disability unless there is proof that jobs are realistically available to him. Culp v. Belden Corp., 432 So.2d 847 (La.1983).
Smith v. Union Underwear, supra.
The only type of work for which Mr. Walker is suited would be entirely sedentary. Mr. Walker is a high school graduate. He admits to having “flunked out” after less than a year of college. He is limited by his training, education, experience and ability to manual labor.
These factors combine with Mr. Walker’s disability to place him at a substantial disadvantage in today’s competitive labor market. In light of the failure of the defendants to prove that some other type of work is available to him, Mr. Walker qualifies for total permanent disability as an odd lot worker under LSA-R.S. 23:1221(2).
PENALTIES
LSA-R.S. 23:1201 provides that the employee shall be entitled to penalties from the employer or insurer where the installment of benefits payable for permanent total disability is not paid within 14 days after the employer has knowledge of the injury unless non-payment results from conditions over which the employer has no control or the payment is reasonably controverted by the employer. LSA-R.S. 23:1201.2 provides that an insurer is subject to the payment of attorney’s fees where the amount of compensation due is not paid within 60 days after receipt of a written notice, and where such failure to pay is arbitrary, unreasonable and without probable cause. As the trial judge correctly stated in his reasons for judgment.
“... It is questionable whéther the Defendant paid compensation in a manner supported by the statutory law and the jurisprudence. It appears the Defendant paid Walker as little as possible. They had to go to considerable lengths to obtain the information necessary to arrive at a compensation payment of $92.12, when other wage information which would conform to a more acceptable method of determining compensation was in their possession at the time of the injury. Further, no allowance is made to assign a money value to the room and board Walker was provided on the job, and which the statute clearly contemplates as part of wages.
On March 28, 1983, the instant lawsuit was filed. Service was had on the Secretary of State as agent for the insurance carrier the following day and on C.T. Corporation as agent for the Defendant, Hydraulic Workover, Inc. on April 4th, 1983. Answer was filed on behalf of both Defendants on May 9th, 1983. At the time of the trial on August 5th, 1983, the Defendant steadfastly refused to increase payment to $95.00. The instant lawsuit demands payment in the correct weekly amount in paragraphs 5, 6, 8, 10 and in the Prayer. The Defendants had on April 4th, 1983, notice of Walker’s intention to receive compensation under *400 Louisiana Workers Compensation Act. At a rate of $95.00 per week, that amount proscribed by law, the rate of payment should have been adjusted pursuant to the demands of Walker in his pleadings within 60 days of the date of service on the Defendants, or not later than June 4th, 1983. At the time of trial, the Defendants still had not adjusted the rate.”
We agree with the trial judge that the defendants were arbitrary, capricious and lacking in probable cause in underpaying compensation to Walker and in failing to pay travel expenses. Accordingly, penalties in the amount of 12% on the difference between $95.00 and $92.12 per week from the date of the accident and on unpaid travel expenses, as well as $3,500.00 in attorney’s fees were correctly assessed. Since this appeal by the defendants has entailed further work on the part of counsel for the plaintiff, we find that a further award of $1,000 in attorney’s fees is appropriate.
The judgment of the trial court is affirmed and amended to include an additional award of attorney’s fees in the amount of $1,000.00.
AMENDED AND AFFIRMED.