GUIDRY, Judge.
The defendant-employer has appealed from a judgment awarding plaintiff worker’s compensation benefits for a permanent partial disability.
Mr. Powell, a senior cabinetmaker in the defendant’s carpenter shop, sustained what appears to have been soft tissue injuries to his right forearm and left foot during his employment on August 2, 1982. About two weeks thereafter he resumed his regular work and performed same with few absences for almost two years when the case was tried. However, plaintiff testified that he has continued to experience considerable pain and swelling of his right foot ever since the accident which adversely affects his ability to work. This was verified by his supervisor, a fellow employee, and his wife.
The principal issue in the case is whether such pain was substantial, and thus disabling, entitling plaintiff to a judgment declaring him partially disabled under La.R.S. 23:1221(3); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980). The expert medical testimony on the subject was inconclusive. The trial judge resolved this factual question in favor of the plaintiff.
We have carefully examined the record and we cannot say that he was clearly wrong. Therefore, the judgment must be affirmed in this respect. Aymond v. Com *790 mercial Union Ins. Companies, 469 So.2d 435 (La.App. 3rd Cir.1985); Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300 (La.1979).
The only other issue, which was raised by appellee in brief, concerns expert witness fees incurred by plaintiff and disallowed by the trial court. We do not consider this issue as appellee neither appealed nor answered defendant’s appeal. La.C.C.P. art. 2133; Kel-Kan Investment Corp. v. Village of Greenwood, 418 So.2d 669 (La.App. 2d Cir.1982), reversed on other grounds, 428 So.2d 401 (La.1983).
Attached hereto as an appendix is a copy of the trial judge’s reasons for judgment, which we approve.
The court costs are assessed to appellant insofar as the law provides.
AFFIRMED.
APPENDIX
CIVIL SUIT NUMBER 128,306
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES
REASONS FOR JUDGMENT
This is a claim for Workmen’s Compensation brought by plaintiff, Gene Powell, against his employer, Pinecrest State School (Pinecrest), and Pinecrest’s insurer. Two issues are presented for this Court's consideration; (1) are defendants required, under the Workmen’s Compensation law, to pay for the services of Dr. Manale and Dr. Waldman, and (2) is plaintiff due disability benefits under the Workmen’s Compensation law. Each issue is discussed in detail below.
I. Are defendants required to pay for the services of Dr. Manale and Dr. Waldman?
It is well settled that, in order to require an employer or insurer to pay for medical expenses under the Workmen’s Compensation law, some form of treatment must occur. Moreover, employers and their insurers are not liable for medical evaluations made for purposes of litigation. See, e.g., Butts v. Insurance Co. of North America, 352 So.2d 745 (La.App. 3rd Cir.1977); Ducote v. Roy O. Martin Industries, Inc., 338 So.2d 1221 (La.App. 3rd Cir.1976). In the present case, both Dr. Manale and Dr. Waldman stated in their depositions that they saw plaintiff at the request of plaintiff’s attorney. Moreover, each doctor said he saw plaintiff merely for evaluation, not for treatment. Therefore, defendants are not liable for the medical services of these two doctors. In addition, since defendants are not liable for the doctors’ services, they are not liable for penalties and attorney’s fees either. See Ducote v. Roy O. Martin Industries, Inc., supra.
II. Is plaintiff due disability benefits?
Under Louisiana law, a Workmen’s Compensation claimant is due disability benefits if he establishes to a reasonable certainty and by a fair preponderance of testimony that he is unable to perform his usual and regular duties without substantial or appreciable pain. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980). In the present case, Dr. Manale and Dr. Waldman both assigned a small degree of disability to plaintiff as a result of plaintiff’s injury. Moreover, plaintiff, his wife, and several of his co-workers testified as to the appreciable pain with which plaintiff lives. Considering this testimony, this Court finds that plaintiff has proven he is disabled, within the meaning of Dusang, supra.
Having found that plaintiff is disabled, this Court must now decide whether plaintiff’s disability is total or partial. In order to be considered totally disabled, a Workmen’s Compensation claimant must prove that his physical condition, his mental capacity, his education, training, age or other factors combine to place him at a substantial disadvantage in the competitive labor market. Even if the claimant cannot perform the same work he did before his injury because it causes him substantial pain, he is not considered totally disabled so long as he has the mental capacity and *791 physical capability to perform other jobs which are available. See Dusang supra. In the present case, plaintiff showed only that he cannot perform his customary duties as a carpenter without substantial or appreciable pain. Plaintiff presented no evidence whatsoever to prove that he cannot perform other available jobs. Therefore, this Court must find that plaintiff is only partially disabled, not totally disabled.
III. Decree
For the above reasons judgment is rendered in favor of defendants and against plaintiff, holding defendants are not liable for the services of Dr. Manale and Dr. Waldman. In addition, judgment is rendered in favor of plaintiff and against defendants, holding plaintiff is entitled to Workmen’s Compensation benefits based on partial disability.
Thus done and signed, this 9th day of August, 1984, in Alexandria, Rapides Parish, Louisiana.
/s/ Robert P. Jackson
ROBERT P. JACKSON
DISTRICT JUDGE
DIVISION “E”