YELVERTON, Judge.
The sole issue presented in this appeal from a worker’s compensation judgment is whether the district court erred in awarding plaintiff benefits based on a finding of temporary total disability for the period from June 11, 1984, the date of his accident, through November 1, 1984, the date when he admitted he was able to resume his work. The appellants contend that a report by the attending physician indicated that he was able to return to work on June 26, 1984.
The only two witnesses who testified on the subject were the plaintiff and the treating physician. The plaintiff’s testimony, that the reason he did not work during the period in question was because he was “[s]tiff and sore and hurting ... ”, was uncontradicted. The doctor said that since plaintiff was getting better in June and did not come to see him for five months, he “would have to assume that he was well enough to go back to work from that time period on.” However, he also testified that when he saw plaintiff on November 17, 1984, he noted symptoms of pain and decreased motion in the cervical spine area and at that time the plaintiff “probably would not have been able to work even though he may have attempted or tried to do the best he could.” The physician thought the plaintiff was sincere and that his complaints of continued pain in the neck area were genuine.
The extent and duration of disability in this type of case is a factual matter to be determined by the trial judge and his decision should not be reversed unless it is clearly wrong. The same applies to the issue of whether or not a plain *811 tiff’s pain is substantial enough to render him disabled. Aymond v. Commercial Union Ins. Companies, 469 So.2d 435 (La.App. 3rd Cir.1985); Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300 (La.1979); Lewis v. Alloy Casting of La., Inc., 465 So.2d 847 (La.App. 2nd Cir.1985).
We have carefully examined the record and cannot say that the determination of these facts by the trial court was clearly wrong. Therefore, the judgment will not be disturbed.
The court costs are assessed to appellant.
AFFIRMED.